UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL COYNE, et al.,<br><br>    Plaintiffs<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br><br>    Defendant | Case No.: 2:22-cv-00475-APG-VCF<br><br>**Order Granting in Part Defendant's Motion to Dismiss and Setting Deadline for Supplemental Briefs**<br><br>[ECF No. 7] |

    Plaintiffs Daniel Coyne, David Denton, and Sean Bollig filed this lawsuit in state court under the Fair Labor Standards Act (FLSA) and Nevada law on behalf of themselves and other similarly situated peace officers employed by defendant Las Vegas Metropolitan Police Department (LVMPD).  They allege that LVMPD has failed to pay overtime for pre- and post-shift activities for scheduled overtime shifts, such as reporting to their assigned area command to collect equipment and inspect the department's vehicle, refueling the vehicle, and returning the equipment and vehicle.  They bring a putative collective action under the FLSA for failure to pay overtime (count one).  They also bring a putative class action under Nevada law for (1) failure to pay for all hours worked under Nevada Revised Statutes (NRS) §§ 608.016, 608.115, and 608.140 (count two); (2) failure to pay minimum wage under Article 15, Section 16 of the Nevada Constitution and NRS §§ 608.250 and 608.260 (count three); (3) failure to pay wages due and owing upon termination under NRS § 608.020-608.050 and Senate Bill 245 (count four); and (4) declaratory relief that their pre- and post-shift tasks are compensable work under the FLSA and Nevada law (count five).

LVMPD removed the case to this court based on federal question jurisdiction. ECF No. 1. LVMPD moves to dismiss each claim on various grounds. The plaintiffs concede their fourth claim for wages due at termination should be dismissed without prejudice because they are all still employed with LVMPD and thus none of the named plaintiffs has standing to assert that claim. ECF No. 10 at 2 n.1. But they oppose dismissal of their other claims.

The parties are familiar with the facts, so I repeat them here only as necessary to resolve the motion. I grant the defendant's motion to dismiss the plaintiffs' requests for punitive damages and declaratory relief under the FLSA. I deny the motion to dismiss the FLSA claim in all other respects. I am inclined to decline to exercise supplemental jurisdiction over the state law claims and intend to remand them to state court. Before doing so, I will give the parties the opportunity to brief their positions on remand.

**I. FLSA**

LVMPD argues that the complaint fails to adequately allege an overtime claim under the FLSA because the plaintiffs do not identify a specific workweek in which they worked overtime but were not paid. LVMPD further asserts that the plaintiffs fall within the law enforcement exception in 29 U.S.C. § 207(k), but they have not plausibly alleged that they worked more than 80 hours in a two-week period. LVMPD also contends that there are no factual allegations to support willfulness, so a two-year limitation period applies. It likewise argues that there are no factual allegations supporting punitive damages and, in any event, punitive damages are not recoverable under the FLSA. Finally, it contends that declaratory relief is not available under the FLSA.

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v.*

*SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017).  However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017).  A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

### A. Failure to State a Claim

The FLSA requires overtime pay of one and a half times an employee's hourly wage for every hour worked over 40 years per week. *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 640 (9th Cir. 2014), *as amended* (Jan. 26, 2015); *see also* 29 U.S.C. § 207(a)(1).  An FLSA plaintiff need not allege in the complaint "detailed factual allegations regarding the number of overtime hours worked." *Landers*, 771 F.3d at 644.  The "plausibility of a claim is context-specific." *Id.* at 645 (quotation omitted).  Consequently, a plaintiff may establish a plausible FLSA claim in numerous ways, such as "by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." *Id.*  Additionally, a plaintiff "at a minimum . . . must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week." *Id.*

Taking the complaint's allegations and all reasonable inferences as true, the plaintiffs have plausibly alleged that they worked overtime.  The plaintiffs allege that their work weeks are either 40 hours per week or 80 hours every two weeks, and that for all hours worked in excess of 80 hours per pay period, they are paid at an overtime rate. ECF No. 1 at 11-12.  They allege that

3

they worked scheduled overtime shifts for which they were paid overtime, but they were not paid for the time spent on pre- and post-shift activities for these shifts. *Id.* at 12.  A reasonable inference from the allegation that the shift they were working was itself overtime for which they were paid at an overtime rate is that any pre- and post-shift activities would also constitute overtime if that time is compensable.  Additionally, each of the three named plaintiffs alleges they had scheduled overtime shifts during the relevant timeframe. *Id.* at 20-25.  I therefore deny LVMPD's motion to dismiss the FLSA claim.

### B. Willfulness

The FLSA "has a two-year statute of limitations for claims unless the employer's violation was 'willful,' in which case the statute of limitations is extended to three years." *Flores v. City of San Gabriel*, 824 F.3d 890, 895 (9th Cir. 2016) (quoting 29 U.S.C. § 255(a)).  "At the pleading stage, a plaintiff need not allege willfulness with specificity." *See Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902-03 (9th Cir. 2013) (citing Federal Rule of Civil Procedure 9(b) and holding that the allegation that the employer's FLSA violations were "deliberate, intentional, and willful" was sufficient at the pleading stage); *see also* Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").

The plaintiffs have adequately alleged willfulness at the pleading stage. ECF No. 1 at 28. I therefore deny LVMPD's motion to dismiss on this basis.

### C. Punitive Damages

The plaintiffs concede that punitive damages are not available under the FLSA. ECF No. 10 at 20 n.14.  They therefore do not oppose LVMPD's motion on this point.  As a result, I grant this portion of LVMPD's motion as unopposed. LR 7-2(d).

////

4

### D. Declaratory Relief

The plaintiffs appear to concede that declaratory relief is not available to a private litigant (as opposed to the Secretary of Labor) under the FLSA. ECF No. 10 at 21 (stating that "LVMPD is correct that the FLSA does not provide a basis for declaratory relief." (emphasis omitted)). The plaintiffs state they are seeking declaratory relief under Nevada law. *Id.* But the plaintiffs also state that some courts allow declaratory relief in private actions under the FLSA, and they assert that their declaratory relief claim should not be dismissed. *Id.* at 22-23.

I need not resolve this issue because declaratory relief claims that are duplicative of a plaintiff's other claims are subject to dismissal. *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007). The portion of the declaratory relief claim related to the FLSA does not serve a purpose that will not be resolved by the FLSA claim. I therefore dismiss it.

## III. STATE LAW CLAIMS

I have supplemental jurisdiction over the plaintiffs' state law claims under 28 U.S.C. § 1367(a). I may decline to exercise supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)-(4). If I determine that one or more of these conditions exists, I must then consider whether exercising jurisdiction would ultimately serve "the principles of judicial economy, procedural convenience, fairness to litigants, and comity . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). If these considerations do not favor exercising supplemental

jurisdiction, then "[I] should hesitate to exercise jurisdiction over [the] state claims . . . ." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

The principles of judicial economy and procedural convenience arguably favor resolving all claims in one lawsuit. The plaintiffs' FLSA and state law claims form part of the same case or controversy because they involve the nature of the plaintiffs' pre- and post-shift activities and whether those activities are compensable time. Some facts will overlap as well, including how many hours the plaintiffs worked, what pre- and post-shift activities they engaged in, and how they were compensated.

However, I am inclined to sever and remand the state law claims because they raise novel and complex questions of state law that should be addressed by Nevada courts in the first instance. The parties' briefs on the defendant's motion to dismiss raise numerous issues of first impression under Nevada state law, including whether Article 15, Section 16 of the Nevada Constitution applies to public employees; whether the plaintiffs are public employees within the meaning of NRS Chapter 608; and whether, even if they are public employees, some provisions of Chapter 608 nevertheless apply to them. Thus, comity favors that I decline jurisdiction over the state law claims and remand them to state court.

This case is relatively new and has not moved beyond the pleadings. I have made no rulings with respect to the state law claims, so declining jurisdiction would not result in a significant loss of time or resources of the parties or the court. Additionally weighing in favor of remand are the procedural complexities that may arise from managing the FLSA collective action and state law class action claims in the same lawsuit. "Opt-in" FLSA claims and "opt-out" state law claims are not necessarily incompatible with each other. *See Wang v. Chinese*

*Daily News, Inc.*, 623 F.3d 743, 760-62 (9th Cir. 2010). But combining these two procedures creates additional complications that further support remand.

Before I decline to exercise supplemental jurisdiction over the state law claims, I will give the parties an opportunity to respond. By September 30, 2022, the parties may file briefs of no more than five pages stating their position on remand of the state law claims.

**IV. CONCLUSION**

I THEREFORE ORDER that defendant Las Vegas Metropolitan Police Department's motion to dismiss **(ECF No. 7) is GRANTED in part**. The plaintiffs' requests for punitive damages and declaratory relief under the FLSA are dismissed.

I FURTHER ORDER that by September 30, 2022, the parties may file briefs of no more than five pages stating their position on remand of the state law claims. If the parties do not respond, I will remand the state law claims for the reasons set forth in this order.

DATED this 21st day of September, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE