UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL COYNE, et al., | Case No.: 2:22-cv-00475-APG-VCF |
| Plaintiffs | **Order Remanding State Law Claims** |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, | |
| Defendant | |

Plaintiffs Daniel Coyne, David Denton, and Sean Bollig filed this lawsuit in state court under the Fair Labor Standards Act (FLSA) and Nevada law on behalf of themselves and other similarly situated peace officers employed by defendant Las Vegas Metropolitan Police Department (LVMPD).  LVMPD removed the case to this court.  The plaintiffs allege that LVMPD has failed to pay overtime for pre- and post-shift activities for scheduled overtime shifts, such as reporting to their assigned area command to collect equipment and inspect the department's vehicle, refueling the vehicle, and returning the equipment and vehicle.  They bring a putative collective action under the FLSA for failure to pay overtime (count one).  They also bring a putative class action under Nevada law for (1) failure to pay for all hours worked under Nevada Revised Statutes (NRS) §§ 608.016, 608.115, and 608.140 (count two); (2) failure to pay minimum wage under Article 15, Section 16 of the Nevada Constitution and NRS §§ 608.250 and 608.260 (count three); (3) failure to pay wages due and owing upon termination under NRS § 608.020-608.050 and Senate Bill 245 (count four); and (4) declaratory relief that their pre- and post-shift tasks are compensable work under the FLSA and Nevada law (count five).

I previously denied LVMPD's motion to dismiss the FLSA claim. ECF No. 39. I advised the parties that I was inclined to decline to exercise supplemental jurisdiction over the state law claims and intended to remand them to state court, but I gave the parties the opportunity to brief their positions first. The parties filed supplemental briefs. ECF Nos. 43, 44. The plaintiffs favor remand of the state law claims. LVMPD opposes it.

LVMPD's arguments do not persuade me to retain jurisdiction over the state law claims. First, LVMPD argues that FLSA opt-in claims and state law opt-out class actions are not necessarily incompatible. As I noted in my prior order, I agree. ECF No. 39 at 6. But managing both types of claims in the same lawsuit can create administrative burdens and complexities that I have factored into my analysis.

Next, LVMPD argues that remand would cause duplicative litigation and extensive discovery. But it does not explain why the parties cannot coordinate discovery to reduce any burdens created by litigating in two forums. LVMPD also suggests there may be inconsistent results, but it offers no law or argument that what constitutes compensable time is the same under state and federal law. That there might be different results under different governing laws does not weigh in favor of retaining jurisdiction. And if the law is the same, then the parties may invoke issue preclusion to avoid inconsistent results.

LVMPD contends that state law issues do not predominate, but the parties' briefing at dismissal suggests otherwise. The parties' briefs raised numerous novel state law issues. Certifying state law questions to the Supreme Court of Nevada would delay resolution of the federal claim while the court and parties await answers on the state law claims.

For all these reasons and those set forth in my prior order, I decline to exercise supplemental jurisdiction over the state law claims. I therefore sever and remand them.

I THEREFORE ORDER that I decline to exercise supplemental jurisdiction over the plaintiffs' state law claims. Those claims are severed and remanded to the state court. The federal claim under the Fair Labor Standards Act remains pending in this court.

DATED this 3rd day of October, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE