UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL COYNE, et al.,<br><br>　　Plaintiffs<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br><br>　　Defendant | Case No.: 2:22-cv-00475-APG-VCF<br><br>**Order Granting Preliminary Certification and Circulation of Notice**<br><br>[ECF No. 59] |

　　Plaintiffs Daniel Coyne, David Denton, and Sean Bollig filed this lawsuit in state court under the Fair Labor Standards Act (FLSA) and Nevada law on behalf of themselves and other similarly situated peace officers employed by defendant Las Vegas Metropolitan Police Department (LVMPD). The plaintiffs allege that LVMPD has failed to pay overtime for pre- and post-shift activities for scheduled overtime shifts, such as reporting to designated facilities to collect specialized equipment, inspecting and refueling department vehicles, and returning equipment and vehicles. LVMPD removed the case to this court.

　　I previously dismissed the plaintiffs' requests for punitive damages and declaratory relief under the FLSA, and I remanded the state law claims. The only remaining claim before me is a putative FLSA collective action for failure to pay overtime. The plaintiffs now move for preliminary certification and circulation of notice of the pendency of that action. ECF No. 59. Because their claim meets the lenient first-step requirements for preliminary certification, I grant the motion. However, the plaintiffs must revise the proposed notice as set forth in this order.

/ / / /

/ / / /

# I. PRELIMINARY CERTIFICATION

## A. Standards

The FLSA requires employers to compensate their employees for working overtime. 29 U.S.C. § 207(a). The statute also permits workers to collectively litigate a claimed FLSA violation if they (1) are "similarly situated," and (2) affirmatively opt into joint litigation in writing. *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1100 (9th Cir. 2018) (quoting 29 U.S.C. § 216(b)). A FLSA collective action is therefore "fundamentally different" from a Rule 23 class action because Rule 23 class members are automatically bound by the judgment unless they opt out of the class, while each plaintiff in a FLSA collective action must expressly opt in. *Genesis Healthcare Corp. v Symczyk*, 569 U.S. 66, 74 (2013); *McElmurry v. U.S. Bank Nat. Ass'n*, 495 F.3d 1136, 1139 (9th Cir. 2007). To manage collective actions in an orderly fashion, I have discretion to facilitate notice to the putative opt-in plaintiffs. *McElmurry*, 495 F.3d at 1139. This is referred to as "preliminary," "provisional," or "conditional" certification, and it is the first step in the two-step FLSA certification process endorsed by the Ninth Circuit. *Campbell*, 903 F.3d at 1101.

Preliminary certification is "conditioned on a preliminary determination that the collective as defined in the complaint satisfies the 'similarly situated' requirement of section 216(b)." *Id.* at 1109. It is not class certification by the traditional understanding of the term, as it "does not produce a class with an independent legal status or join additional parties to the action.'" *Id.* at 1101 (simplified). "'The sole consequence' of a successful motion for preliminary certification is 'the sending of court-approved written notice' to workers who may wish to join the litigation as individuals." *Id.* (quoting *Genesis Healthcare*, 569 U.S. at 75). Later (generally "at or after the close of relevant discovery") the defendant can instigate the

2

second step of the certification process by moving for "decertification." *Id.* at 1109. If the motion for decertification is granted, the opt-in plaintiffs are "dismissed without prejudice to the merits of their individual claims, and the original plaintiff[s] [are] left to proceed alone." *Id.* at 1110.

In both certification steps, the key inquiry is whether the putative opt-in plaintiffs are "similarly situated" to the named plaintiffs. 29 U.S.C. § 216(b). "Party plaintiffs are similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims." *Campbell*, 903 F.3d at 1117. "If the party plaintiffs' factual or legal similarities *are* material to the resolution of their case, dissimilarities in other respects should not defeat collective treatment." *Id.* at 1114 (emphasis in original). The burden on the plaintiffs in the first step is light, and is "loosely akin to a plausibility standard, commensurate with the stage of the proceedings." *Id.* at 1109. My "analysis is typically focused on a review of the pleadings but may sometimes be supplemented by declarations or limited other evidence." *Id.* By contrast, after an employer moves for decertification, I "take a more exacting look at the plaintiffs' allegations and the record." *Id.* This second step is similar to a summary judgment motion and "the plaintiff bears a heavier burden." *Id.* at 1117-18 (quotation omitted).

**B. Analysis**

The plaintiffs argue preliminary certification is appropriate because there are common issues of law and fact material to the disposition of their FLSA claims. ECF No. 59 at 13. They seek to certify a collective of Las Vegas Police Protective Association (PPA) members who have worked "one or more 'Scheduled Overtime Shifts' since February 1, 2019, that required the officer to perform uncompensated pre-shift and/or post-shift work consisting of transporting

equipment between the shift site and another designated location." *Id.* (footnote omitted).  The plaintiffs argue there are common issues of fact regarding whether the putative plaintiffs were required to collect and return specialized equipment before and after their shifts without receiving overtime compensation, and common issues of law regarding whether this is compensable "work" within the FLSA's definition. *Id.*

LVMPD responds that preliminary certification is inappropriate because the plaintiffs are not similarly situated to the proposed notice recipients.  It argues that "significant discovery" has been completed, and therefore the plaintiffs must meet the more demanding, second-step burden in the FLSA conditional certification process. ECF No. 94 at 12-13.  But regardless of which step applies, LVMPD argues officers' pre- and post-shift activities are too individualized for them to be similarly situated, and that officers are not subject to a common policy or practice requiring off-the-clock overtime work. *Id.* at 2.

### 1.  Step-One Analysis Applies

First-step analysis is appropriate at this stage of the proceedings.  The parties have conducted limited discovery on the issue of conditional certification. ECF Nos. 67; 86.  LVMPD argues that the parties took five depositions, served multiple sets of discovery, and that over 1,000 pages of documents have been produced. ECF No. 94 at 12.  But that discovery was limited to the issue of conditional certification, and no merits-based discovery has been completed. ECF Nos. 67; 98 at 5.  "Skipping to the second stage not only requires the court to evaluate an incomplete (although potentially substantial) factual record—it interferes with the future completion of that record." *Dualan v. Jacob Transp. Servs., LLC*, 172 F. Supp. 3d 1138, 1145 (D. Nev. 2016) (quotation omitted).  By skipping to step two on an undeveloped record, I risk missing facts crucial to the certification decision and depriving some plaintiffs of a

meaningful opportunity to participate. *See Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 467-68 (N.D. Cal. 2004). I therefore apply the more lenient first-step certification analysis, without prejudice to LVMPD moving for decertification at the close of discovery.

### 2. "Similarly Situated"

Under the lenient first-step standard, the plaintiffs have sufficiently alleged that they are similarly situated to the putative collective for preliminary certification. The complaint alleges that officers working special events must collect and return body worn cameras (BWCs) and other specialized equipment before and after their shifts; officers working jail shifts must collect and return BWCs before and after their shifts, as well as undergo pre-shift security screenings; and officers working prison medical shifts must collect and return BWCs and sometimes department vehicles; all without overtime compensation. ECF No. 1 at 12-17. Those claims are supported by declarations from Officers Coyne, Denton, and Bollig, who all stated they were required to collect and return equipment for their overtime shifts but were not paid for that time. ECF Nos. 60-3 at 7; 60-4 at 5-6; 60-5 at 6-7. The same officers also testified during their depositions about times they were required to collect equipment before their overtime shifts. *See, e.g.*, ECF Nos. 94-2 at 11; 94-3 at 6; 94-4 at 5. And those experiences are corroborated by verified interrogatory responses from other opt-in plaintiffs. ECF Nos. 98-4 at 5; 98-5 at 5; 98-6 at 5. At this early stage, this sufficiently alleges that LVMPD has a practice of requiring potential opt-in plaintiffs to obtain and return specialized equipment for overtime shifts without pay.

LVMPD argues that the plaintiffs are not similarly situated to the putative collective because each overtime shift's requirements are so unique that individual questions will predominate over "class" questions. ECF No. 94 at 14-15. But unlike in the Rule 23 context,

preliminary certification of a FLSA collective does not require predominance. *Campbell*, 903 F.3d at 1115. Rather, it only requires putative plaintiffs to "share a similar issue of law or fact material to the disposition of their FLSA claims." *Id.* at 1117. Differences among members of the collective may eventually lead to decertification or to the creation of subclasses within the collective depending on the results of discovery. *See Canava v. Rail Delivery Serv. Inc*, No. 5:19-CV-00401-SB-KK, 2021 WL 4907227, at *4 (C.D. Cal. Aug. 8, 2021). But that is a determination to be made after the full picture is in front of me, and at this stage the plaintiffs have sufficiently alleged similar issues of law and fact.

      LVMPD also disputes the plaintiffs' characterization of the facts. For example, although the plaintiffs claim they were not paid for time spent returning BWCs after special events, LVMPD states that in those circumstances "the officer [would] be compensated for the additional time." ECF No. 94 at 4. But "at this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Dualan*, 172 F. Supp. 3d at 1144 (simplified). The officers testified they were required to pick up and return equipment for their overtime shifts without receiving compensation, and that is sufficient for now. To the extent LVMPD disputes the plaintiffs' factual contentions, it may move for decertification in the future and argue based upon a more fulsome record.

      The named plaintiffs have adequately alleged that they and the putative plaintiffs were subject to an LVMPD practice of requiring off-the-clock overtime work to collect and return specialized equipment in violation of the FLSA. ECF No. 59 at 5-10. This nexus exists regardless of whether the plaintiffs worked special events, jails, or prison medical shifts. While LVMPD argues that the named plaintiffs are not similarly situated to the putative plaintiffs

because each scheduled overtime shift is unique, that argument requires further factual development and is thus more appropriate for the second step of the certification process. I therefore grant the plaintiffs' motion to preliminarily certify a collective action under the FLSA.

## II. FORM AND CONTENT OF THE NOTICE

In their motion for circulation, the plaintiffs provided a proposed notice and a proposed consent to join the action. ECF Nos. 60-1; 60-2. LVMPD does not address the form or content of either in their opposition. Nevertheless, some changes are needed.

### A. Length of Opt-in Period

The plaintiffs request a 90-day notice period to reach out to potential collective members. ECF No. 59 at 14. LVMPD does not object. A 90-day period is routinely granted in this circuit. *See Dualan*, 172 F. Supp. 3d at 1151 (citing *Benedict v. Hewlett–Packard Co.*, No. 13-CV-00119-LHK, 2014 WL 587135, at *13, *15 (N.D. Cal. Feb. 13, 2014) (collecting cases)). Given the relatively large number of estimated putative plaintiffs, I grant the plaintiffs' request for a 90-day opt-in period.

### B. Manner of Service

The plaintiffs propose (1) notifying potential collective members by mail and email, and (2) sending a reminder by mail and email 45 days into the notice period if no response is received. ECF No. 59 at 14. LVMPD does not object. The manner of service that the plaintiffs propose is not atypical in this circuit. *See, e.g.*, *Loera v. County of Alameda*, No. 23-cv-00792-LB, 2023 WL 4551080, at *6 (N.D. Cal. July 13, 2023); *Pardini v. Mi Casa Su Casa LLC*, No. CV-22-00796-PHX-MTL, 2023 WL 2534158, at *2 (D. Ariz. Mar. 15, 2023). Mail is the "preferred method for class certification notice," and email is "an efficient and inexpensive method for providing notice." *Gonzalez v. Diamond Resorts Int'l Mktg., Inc.*, No. 2:18-cv-

00979-APG-CWH, 2019 WL 3430770, at *6 (D. Nev. July 29, 2019) (quotation omitted). I therefore approve this proposed manner of service.[1]

### C. Length of Limitations Period

The FLSA has a two-year limitations period on recovering unpaid wages, but that period is extended to three years for an employer's "willful" violation. *Flores v. City of San Gabriel*, 824 F.3d 890, 895 (9th Cir. 2016) (citing 29 U.S.C. § 255(a)). The plaintiffs' proposed notice refers to both the two-year and three-year periods for potential claims. ECF No. 60-1 at 4. LVMPD does not object, and I previously found the plaintiffs adequately alleged willfulness at the pleading stage. ECF No. 39 at 4. To avoid dissuading putative plaintiffs from opting into the collective action, it is appropriate for the notice to refer to both limitation periods. However, there is some ambiguity in the proposed notice's section entitled "STATUTE OF LIMITATIONS ON POTENTIAL CLAIMS." ECF No. 60-1 at 4. The first sentence currently reads, "The **minimum** period of time that you can collect unpaid wages under the FLSA is two (2) years from when you worked the overtime hours but were not paid." *Id.* (emphasis added). To avoid confusion, this sentence should read "You can collect unpaid wages under the FLSA for up to two (2) years from when you worked the overtime hours but were not paid." The plaintiffs must correct this language before circulation. The rest of that section is proper.

### D. Voluntariness

Portions of the proposed notice are not sufficiently clear that opt-in plaintiffs may join the action as pro se parties or with separate counsel. *See* ECF No. 60-1 at 3. Therefore, the following language should be added at the end of the section entitled "YOUR RIGHT TO

---

[1] The plaintiffs have not requested an order requiring LVMPD to provide contact information for the putative collective members, so I make no ruling on that issue.

PARTICIPATE IN THIS LAWSUIT": "You may also choose to participate in this lawsuit by hiring separate counsel and having them file notice with the court by the above-referenced date, or by filing a pro se notice with the court by the above-referenced date."

### E. Description of Attorney's Fees

The plaintiffs' proposed notice provides that opt-in plaintiffs who choose to return the consent to join must enter into an agreement with plaintiffs' counsel concerning attorney's fees and costs, which will be paid on a contingency fee basis. ECF No. 60-1 at 4, 5. But the notice does not identify the percentage of plaintiffs' counsel's contingency fee or how that fee will be calculated. *See Dualan*, 172 F. Supp. 3d at 1151. Accordingly, the section entitled "YOUR LEGAL REPRESENTATION IF YOU JOIN" must be edited to include the following: "Plaintiffs' counsel's fee agreement is __ % of the recovery, which will be calculated by _____." Plaintiffs' counsel should insert the appropriate information based on their retainer agreement.

### III. CONCLUSION

**I ORDER** that the plaintiffs' motion for conditional certification of an FLSA collective action and related relief (**ECF No. 59**) is **GRANTED in part** consistent with this order.

I FURTHER ORDER that:

- I conditionally certify the collective defined as "Las Vegas Police Protective Association (PPA) members who have worked one or more Scheduled Overtime Shifts since February 1, 2019, that required the officer to perform uncompensated pre-shift and/or post-shift work consisting of transporting equipment between the shift site and another designated location";

- The plaintiffs must revise the proposed notice consistent with this order;

9

- The plaintiffs must serve the revised notice and proposed consent to join forms by first-class mail and email;
- The potential plaintiffs shall have 90 days from the date of mailing of the notice and consent-to-sue forms to submit their opt-in forms.

DATED this 15th day of August, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE