# NOTICE OF RIGHT TO JOIN PENDING LAWSUIT
Case No. 2:22-cv-00475-APG-VCF

TO: All current and former non-exempt hourly peace officers employed by the LAS VEGAS METROPOLITAN POLICE DEPARTMENT at any time from February 1, 2019, to the present.

RE: Fair Labor Standards Act lawsuit filed against the LAS VEGAS METROPOLITAN POLICE DEPARTMENT.

## INTRODUCTION

The purpose of this notice is to:

1. Inform you of the existence of a lawsuit seeking recovery of unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") in which you may be "similarly situated" to Named Plaintiffs DANIEL COYNE, DAVID DENTON, and SEAN BOLLIG and able to make a claim;

2. Advise you of how your rights may be affected by this lawsuit; and

3. Instruct you on the procedure for participating in this lawsuit if you choose to do so.

This Notice is NOT an expression by the Court of any opinion as to the merits of any claims or defenses asserted by any Party to this Action.

## DESCRIPTION OF THE LAWSUIT

This lawsuit was filed on February 15, 2022, by DANIEL COYNE, DAVID DENTON, and SEAN BOLLIG (the "Named Plaintiffs") against the LAS VEGAS METROPOLITAN POLICE DEPARTMENT (referred to throughout the rest of this Notice as "LVMPD" or the "Defendant").  They have alleged, and LVMPD denies, that they are owed unpaid wages under the FLSA.

Specifically, Plaintiffs claim that LVMPD required peace officers to perform "work" before and after certain "Scheduled Overtime Shifts" without paying overtime compensation.  Plaintiffs seek to recover back pay in an amount equal to the alleged unpaid overtime wages.  LVMPD denies that it violated the FLSA or failed to properly pay its employees and further denies that it is liable to Plaintiffs for any wages or other damages resulting from this lawsuit.

Although Plaintiffs have also alleged various state law claims arising out of the same behavior, those claims are being litigated in a separate case that is pending in a different court, and those claims are not at issue in this Notice.

## DESCRIPTION OF A COLLECTIVE ACTION

A collective action is a lawsuit in which the claims of a group of people are decided in a single court proceeding.  In a collective action brought pursuant to the Fair Labor Standards Act, individuals who are part of the group of persons on whose behalf the action is brought must consent to join the action and have their individual claims decided in the action.

## DEFINITION OF WHO MAY PARTICIPATE IN THIS LAWSUIT

You are eligible to participate in this lawsuit, if you are a member of the Las Vegas Police Protective Association who was employed by LVMPD after February 1, 2019, and you worked a "Scheduled Overtime Shift"[1] that required you to report to an LVMPD facility to collect a vehicle and/or other equipment (including a body worn camera) and transport the vehicle and/or other equipment to the location of your "Scheduled Overtime Shift" while "off the clock."

## YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

If you fit the definition above, you may join this case by mailing the enclosed "Consent to Join" form to the following address:

> Sgro & Roger
> 2901 El Camino Avenue, Suite 204
> Las Vegas, NV 89102

or by emailing the "Consent to Join" form to ClassActions@sgroandroger.com.

If you want to join this lawsuit, you must send the form to the law firm of Sgro & Roger so that they have time to file it with the Court within 90 days of this notice being issued.  If they do not receive your "Consent to Join" form by, ─── December 14, 2023 ─── you may not be able to participate in this lawsuit.
<sub>90 days from the date of this Notice</sub>

If you have already submitted a "Consent to Become Party Plaintiff" form to the law firm of Sgro & Roger, you do not need to submit a "Consent to Join." You may also choose to participate in this lawsuit by hiring separate counsel and having them file notice with the court by the above-referenced date, or by filing a pro se notice with the court by the above-referenced date.

## EFFECT OF JOINING THIS SUIT

If you choose to join this case, you will be bound by the decision of the court, whether it is favorable or unfavorable.  That means that, if you win, you may be eligible to share in the

---

[1]   A "Scheduled Overtime Shift" is a shift worked in addition to an officer's "Regular Duty Shifts" and do not include overtime worked when held over on your regular shift or when called back to work with less than 12 hours' notice.

monetary award; if you lose, no money will be awarded, and you will not be able to file another lawsuit regarding the matters raised in the lawsuit.

If you sign and return the "Consent to Join" form, you are agreeing to:

    1)    Designate Plaintiffs as your agents to make decisions on your behalf concerning this lawsuit;

    2)    The method and manner of conducting this lawsuit;

    3)    Enter into an agreement with Plaintiffs' counsel concerning attorneys' fees and costs; and

    4)    All other matters pertaining to this lawsuit.

The decisions and agreements made and entered into by the Named Plaintiffs will be binding on you if you join this lawsuit. However, the court has jurisdiction to determine the reasonableness of any settlement with LVMPD, and any agreement concerning the reasonableness of any attorneys' fees and costs that are to be paid to the Plaintiffs' counsel.

## **LEGAL EFFECT IN NOT JOINING THIS SUIT**

You do not have to join this lawsuit. If you do not wish to participate in this lawsuit, then do nothing. If you choose not to join this lawsuit, you will not be affected by any judgment, dismissal, or settlement rendered in this lawsuit, whether favorable or unfavorable. This means that if Plaintiffs win, you will not collect any money from this lawsuit; if Plaintiffs lose, you will not lose any claims you may or may not have under the FLSA. If you choose not to join this lawsuit you are free to file your own lawsuit.

## **STATUTE OF LIMITATIONS ON POTENTIAL CLAIMS**

You can collect unpaid wages under the FLSA for up to two (2) years from when you worked the overtime hours but were not paid. If the Defendant's failure to pay you for all overtime hours worked was willful, then the maximum period of time that you can collect unpaid wages under the FLSA is three (3) years from when you worked the overtime hours but were not paid.

Normally, the statute of limitations on your claim would continue to expire until you file with the court a written consent to join this lawsuit, or file your own lawsuit to collect your unpaid wages. However, the Parties in this case have agreed to toll the statute of limitations. Therefore, if you file your consent to join in this Action by __December 14, 2023__ (90 days from the date of this Notice), your claims will be treated as if your Consent to Join had been filed on February 1, 2022.

If however, you do not join this lawsuit, the statute of limitations will continue to expire until you file your own lawsuit to collect your unpaid wages.

## YOUR IMMIGRATION STATUS DOES NOT MATTER IN THIS CASE

You are entitled to be paid overtime wages and minimum wages under the FLSA even if you are not otherwise legally entitled to work in the United States.

## NO RETALIATION PERMITTED

Federal Law prohibits Defendant from discharging you or in any other manner discriminating against you if you exercise your rights under the FLSA to collect unpaid overtime wages. Participation in this lawsuit is not related or affected by any offer of severance benefits or release you may have recently signed.

## YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this lawsuit, you may be represented by your own attorney, represent yourself, or be represented by the attorney for the plaintiffs.

If you join this case and you do not advise the Court in writing that you are being represented by other counsel or representing yourself, you will be represented by the Named Plaintiffs through their attorneys:

> Anthony P. Sgro and Alanna Bondy
> Sgro & Roger
> 2901 El Camino Avenue, Suite 204
> Las Vegas, NV 89102
> 702.384.9800
> ClassActions@sgroandroger.com

The attorneys for the Plaintiffs are being paid on a contingency fee basis, which means that if there is no recovery they will not receive any attorneys' fees. If Plaintiffs prevail in this litigation, their attorneys will request that the court either determine or approve the amount of attorneys' fees and costs they are entitled to receive for their services. The FLSA provides only for attorney fees for the Plaintiffs, if successful, and not for LVMPD, although a Court could award LVMPD attorneys' fees for misconduct or other reasons not covered by the FLSA.

Plaintiffs' counsel's fee agreement is 40% of the gross recovery, which will be calculated by calculating 40% of the total of all amounts received prior to the payment of any taxes or reimbursement of any expenses (including any money specifically designated as attorneys' fees) whether by settlement, award, judgment, or voluntary payment by or on behalf of a defendant.

/ / /

/ / /

/ / /

/ / /

## FURTHER INFORMATION

Further information about this Notice, the deadline for filing a "Consent to Join" form, or questions about this lawsuit may be obtained by contacting the Sgro & Roger law firm at the contact information listed immediately above.

The court has taken no position in this case regarding the merits of the Plaintiffs' claims or of the Defendant's defenses.

**DO NOT CONTACT THE CLERK OF THE COURT**

DATED: _September 15, 2023_____

_____
Andrew P. Gordon
United States District Judge