ANTHONY P. SGRO
Nevada Bar No. 3811
ALANNA C. BONDY
Nevada Bar No. 14830
SGRO & ROGER
2901 El Camino Ave., Suite 204
Las Vegas, Nevada 89102
Telephone: 702.384.9800
TSGRO@SgroandRoger.com
ABONDY@SgroandRoger.com

DENNIS L. KENNEDY
Nevada Bar No. 1462
JOSEPH A. LIEBMAN
Nevada Bar No. 10125
PAUL C. WILLIAMS
Nevada Bar No. 12524
BAILEY❖KENNEDY
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone: 702.562.8820
Facsimile: 702.562.8821
DKennedy@BaileyKennedy.com
JLiebman@BaileyKennedy.com
PWilliams@BaileyKennedy.com
*Attorneys for* PLAINTIFFS

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL COYNE, individually and on behalf of those similarly situated; DAVID DENTON, individually and on behalf of those similarly situated; and SEAN BOLLIG, individually and on behalf of those similarly situated<br>                    Plaintiff(s),<br>vs.<br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT;<br>                    Defendant(s). | Case No.: 2:22-cv-00475-APG-DJA<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**(THIRD REQUEST)** |

Plaintiffs Daniel Coyne, David Denton, and Sean Bollig (hereinafter "Plaintiffs), by and through their undersigned counsel, and Defendant Las Vegas Metropolitan Police Department ("Defendant" or "LVMPD"), by and through its undersigned counsel, hereby submit the following

Stipulation and Order to Extend Discovery Deadlines (Third Request). The Court granted the parties' Stipulation and Order to Extend Discovery Deadlines (Second Request) on November 12, 2024 [ECF No. 129]. The parties now seek to extend all discovery deadlines contained in the Stipulation and Order to Extend Discovery Deadlines (Second Request) by 180 days.

The parties recently participated in a two-day mediation session with the Hon. (Ret.) Jackie Glass at Advanced Resolution Management. The mediation sessions took place on December 12, 2024 and January 22, 2025. The parties were unable to reach a resolution as to both this matter and the related state court action, currently pending in the Eighth Judicial District Court under Case No. A-22-848354-C (the "State Court Action"). Accordingly, the parties are proceeding with litigation.

Therefore, the parties respectfully ask this Court to enter an Order granting this extension and in support thereof state as follows:

**Discovery Completed:**

1. Defendant served its initial disclosures pursuant to FRCP 26 on May 3, 2022.
2. Plaintiffs served their initial disclosures pursuant to FRCP 26 on May 31, 2022.
3. Defendant propounded its first set of Interrogatories, Requests for Admission, and Requests for Production of Documents on the named Plaintiffs and certain opt-in Plaintiffs, pursuant to the limited discovery ordered by the Court on the issue of preliminary collective action certification, on January 26, 2023.
4. Plaintiffs served written responses to Defendant's first set of Interrogatories, Requests for Admission, and Requests for Production of Documents on March 29, 2023.
5. Plaintiffs served their first supplemental disclosures pursuant to FRCP 26 on May 29, 2023.
6. Defendants took the depositions of Plaintiffs Sean Bollig, Daniel Coyne, David Denton, Liovany Garcia, and James Parker, Jr. in February and March of 2023, pursuant to the limited discovery ordered by the Court on the issue of preliminary collective action certification.
7. The Court granted preliminary certification of a collective action on August 15, 2023. [ECF No. 107]. The deadline for eligible individuals to join the lawsuit as opt-in Plaintiffs was December 14, 2023. [ECF No. 113]. As of this date, 1,595 individuals have joined this action as opt-in Plaintiffs. [ECF No. 120, 121].

8. Plaintiffs propounded their first set of Requests for Admission and Requests for Production of Documents on Defendant on March 14, 2024.

9. Defendant served written responses to these discovery responses on April 18, 2024. In response to the Requests for Production, Defendant produced approximately 75,000 pages of documents.

10. On June 5, 2024, Plaintiffs filed a Motion seeking court-approval for the retention of Bailey Kennedy, LLP as co-counsel, along with Sgro & Roger. [ECF No. 126]. The Court granted the Motion on July 29, 2024. [ECF No. 127].

11. On June 28, 2024, Plaintiffs served a discovery letter on Defendant, identifying certain responses to Plaintiffs' Requests for Production that Plaintiffs alleged were deficient. Defendant agreed to produce additional documents in response to the June 28, 2024 letter.

12. On or about August 7, 2024, Defendant produced approximately 54,586 pages of additional documents.

13. On or about August 14, 2024, Defendant produced a flash drive containing 8 excel spreadsheets.

14. On or about December 17, 2024, Defendant produced a "sample" of certain information pertaining to 15 of the 1,598 Plaintiffs.

15. On or about January 3, 2025, Defendant served an additional production containing approximately 103,123 pages of documents.

**Discovery Remaining to be Conducted:**

1. Plaintiffs contend that certain of Defendant's responses to Plaintiffs' Requests for Production remain deficient and on February 10, 2025, Plaintiffs' counsel sent an email to counsel for the Defendant outlining the alleged deficiencies. Defendant disagrees with Plaintiffs' contentions. Defendant is in the process of reviewing and responding to that email correspondence. Should an impasse occur, the parties will meet and confer as required by the rules before any motion practice occurs.

2. Additional written discovery pertaining to final certification/decertification as well as purported damages and liability.

3. Depositions of the Plaintiffs and Defendant's 30(b)(6) designees;

4. Depositions of percipient witnesses;

5. Initial and Rebuttal expert disclosures; and

6. Depositions of disclosed expert witnesses, as deemed appropriate or necessary by the parties.

**Reasons in Support of Request for Extension to Complete Discovery:**

This is a document-intensive case which includes 1,598 Plaintiffs (the three initial Plaintiffs and 1,595 opt-ins). To date, Defendants have produced over 230,000 pages of documents, with the last production occurring on January 3, 2025. Defendant's last production contained in excess of 100,000 pages, which Plaintiffs are still reviewing. Further, substantial additional documentation will likely be necessary to allow both sides to fully analyze the issues in this case and be prepared to brief final certification/decertification issues. Additionally, it is Plaintiffs' position that because Defendant's productions have largely been produced in PDF format, it is not conducive to the data analysis that Plaintiffs are attempting to conduct. The parties will continue to meet and confer to establish if the information can be produced in a more useable format to ensure efficient review and analysis.

The parties recently participated in two full days of mediation on December 12, 2024, and January 22, 2025, in an effort to reach a potential resolution. The efforts in preparation for and during the mediation were substantial on both sides. During this time, expert disclosures were temporarily put on hold to minimize unnecessary costs should a settlement be reached. However, as mediation did not result in a resolution, the parties have resumed their focus on completing discovery.

Finally, the Parties have attempted to coordinate the State Action and this matter. The State Action and its class certification process was temporarily paused pending the outcome of mediation. The parties are set to argue Plaintiffs' Motion for Class Certification in the State Action on February 25, 2025. If class certification is granted in the State Action, the parties will likely seek to coordinate discovery between both actions to enhance efficiency.

**Proposed Revised Discovery Plan:**

Based on the foregoing, the parties respectfully request that the Court grant their joint request to extend the discovery deadlines by 180 days, and extend all discovery deadlines as follows:

|  | **Current Deadline Date** | **New Deadline Date** |
|---|---|---|
| Amending Pleadings and Adding Parties | **May 14, 2024** | **No Extension Requested** |
| Initial Expert Disclosures | **March 10, 2025** | **September 8, 2025** |
| Rebuttal Expert Disclosures | **April 11, 2015** | **January 6, 2026** |
| Discovery Cut Off | **May 12, 2025** | **February 9, 2026** |
| Final Date to File Dispositive Motions | **June 12, 2025** | **March 11, 2026** |

The Joint Pretrial Order will now be due on April 10, 2026. However, in the event dispositive motion(s) are filed, the date for filing the joint pretrial order shall be suspended until 30 days after decision on the dispositive motion(s) or further order of the Court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**Further Extensions or Modifications of the Discovery Plan and Scheduling Order:**

In accordance with Local Rule 26-3, any future stipulation or motion to extend a deadline set forth in the discovery plan and scheduling order must be made not later than 21 days before the subject deadline. Any future stipulation or motion to extend the discovery cut-off must be made no later than twenty-one (21) days before the discovery cut-off date.

| | |
|---|---|
| DATED this 14th day of February, 2025. | DATED this 14th day of February, 2025. |
| SGRO & ROGER | WHITMIRE LAW, PLLC |
| /s/ Alanna C. Bondy, Esq.<br>ALANNA C. BONDY, ESQ.<br>ANTHONY P. SGRO, ESQ. | /s/ James Whitmire, Esq.<br>JAMES E. WHITMIRE, ESQ. |
| BAILEY❖KENNEDY<br>DENNIS L. KENNEDY, ESQ.<br>JOSEPH A. LIEBMAN, ESQ.<br>PAUL C. WILLIAMS, ESQ.<br>Attorneys for *Plaintiffs* | MARQUIS AURBACH<br>NICK D. CROSBY, ESQ.<br>JORDAN MONTET, ESQ.<br>*Attorneys for Defendant* |

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 2/19/2025