1
2
3
4
5

**Marquis Aurbach**
Nick D. Crosby, Esq.
Nevada Bar No. 8996
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
ncrosby@maclaw.com

6
7
8
9
10
11

**Whitmire Law, PLLC**
James E. Whitmire, Esq.
Nevada Bar No. 6533
10785 West Twain, Suite 226
Las Vegas, Nevada 89135
Telephone: (702) 846-0949
Facsimile: (702) 727-1343
jwhitmire@whitmirelawnv.com
*Attorneys for Defendant LVMPD*

12

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

13
14
15
16
17
18
19
20

DANIEL COYNE, individually and on behalf of those similarly situated; DAVID DENTON, individually and on behalf of those similarly situated; and SEAN BOLLIG, individually and on behalf of those similarly situated,

                     Plaintiffs

    vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT,

                   Defendant.

Case No.:     2:22-cv-00475-APG-DJA

**JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND FLSA COLLECTIVE ACTION SETTLEMENT[1]**

**Hearing Date: August 15, 2025**
**Hearing Time: 9:00 A.M.**
**Hearing Place: Courtroom 11D, Regional Justice Center**

21

**I.    INTRODUCTION**

22
23
24

       Plaintiffs and Defendant have reached an agreement to settle Plaintiffs' wage and hour class action and collective action lawsuits. The parties seek preliminary approval of the parties'

25
26
27
28

---

[1] With the Court's permission, this matter is being cross-noticed in the Eighth Judicial District Court, Case No. A-22-848354-C with request for this matter to be heard simultaneously in both Courts.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC: 14687-392 (#5989359.1)

Class/Collective Action Settlement Agreement ("Settlement Agreement" or "Settlement"), which is attached hereto as **Exhibit 1**, and respectfully request that the Court enter an order: (1) granting preliminary approval of the Settlement; (2) certifying the proposed Settlement Class for settlement purposes only; (3) designating Plaintiffs as Class Representatives and their attorneys as Class Counsel; (4) approving the form and manner of the notice to the class ("Class Notice"), attached hereto as **Exhibit 2**; and (5) setting a date for a final fairness hearing, approval of the Settlement and entry of Final Judgment.

The settlement for which the parties are seeking preliminary approval resolves claims asserted against the Las Vegas Metropolitan Police Department ("LVMPD") that are pending in two different courts. The entirety of the case was originally filed in Clark County District Court ("State Court"), later removed by LVMPD, and then the Nevada law claims were remanded back to State Court. Case No. A-22-848354-C remains pending in State Court before the Honorable Joseph Hardy. Case No. 2:22-cv-00475-APG-DJA is currently pending before the Honorable Andrew Gordon in the United States District Court for the District of Nevada ("Federal Court"). With the Court's permission, this Motion is being cross noticed for a simultaneous hearing on a motion for preliminary approval before both Courts. The parties and the Courts have agreed that the hearing will take place on August 15, 2025 at 9:00 a.m. in State Court.

The Settlement was reached after difficult and lengthy negotiations between counsel for LVMPD and counsel for over three thousand, four hundred (3,400) potential class and collective action members. The negotiations were conducted with the assistance of the Honorable Jackie Glass (Ret.). Under the terms of the Settlement and subject to certain conditions being met, LVMPD will pay a non-reversionary settlement of nineteen million dollars ($19,000,000.00) in exchange for releases from the Settlement Class, including the Opt-In Plaintiffs in the Federal Collective Action. Additionally, LVMPD has also agreed to amend its overtime pay policy to address the potential compensation issues alleged in this action. The Settlement contains all the material terms agreed to between the parties, including the contingencies or conditions precedent to the Settlement's final approval.

Page 2 of 21

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

The process for approving class settlement, according to the Manual for Complex Litigation, is as follows:

> Approval of class action settlement involves a two-step process. First, counsel submit the proposed terms of settlement and the court makes a preliminary fairness evaluation....
>
> If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys, and appears to fall within the range of possible approval, the court should direct that notice under Rule 23(e) be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement.

Sec. 30.41, at 237 (3d ed. 1995).

This motion requests that the Court take the first step in the approval process - preliminary approval of the Settlement.  In determining whether preliminary approval is warranted, the issue before the Court is whether the Settlement is within the range of what might be found fair, reasonable and adequate, so that notice of the Settlement should be given to class members, and a hearing scheduled to consider final settlement approval. The Court is not required at this point to make a final determination as to the fairness of the Settlement.  Since the Settlement meets the criteria for preliminary approval and manifestly is well within the range of what might be approved as fair, reasonable, and adequate, the parties respectfully request that the Courts enter a Preliminary Order for Notice and Hearing in Connection with Settlement Proceedings.

## II.     SUMMARY OF THE LITIGATION

### A.     Procedural History

Plaintiffs, on behalf of themselves and all others similarly situated, initiated this case in State Court on February 15, 2022, alleging claims under the Fair Labor Standards Act ("FLSA") and Nevada law for LVMPD's alleged failure to compensate peace officers for work performed before and after scheduled overtime shifts.  The action included three different types of overtime assignments: (1) special event overtime assignments; (2) jail overtime assignments; and (3)

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

medical facility overtime assignments.    Plaintiffs alleged that for each type of overtime assignment, they received overtime pay for the duration of the scheduled shift time but were not paid for the entire continuous workday because they received no compensation for time spent completing pre-shift and post-shift activities that were integral and indispensable to the principal activities for which they were employed.  LVMPD denied Plaintiffs' allegations.[2]

On March 16, 2022, LVMPD removed this case to Federal Court.  On October 3, 2022, the Federal Court declined to exercise supplemental jurisdiction over Plaintiffs' Nevada law claims and ordered that they be severed and remanded back to State Court (the "State Class Action"). Plaintiffs' claims under the FLSA remained in Federal Court (the "Federal Collective Action").

On November 14, 2022, Plaintiffs - in the Federal Collective Action - filed their Motion for Preliminary Certification of a Collective Action for the FLSA claims.  On August 15, 2023, the Federal Court granted the Motion for Preliminary Certification.[3]

The Federal Collective Action was preliminarily certified pursuant to the FLSA on behalf of the following collective group: "Las Vegas Police Protective Association (PPA) members who have worked one or more Scheduled Overtime Shifts since February 1, 2019, that required the officer to perform uncompensated pre-shift and/or post-shift work consisting of transporting equipment between the shift site and another designated location."  In addition to the three Class Representatives, 1,595 Metro peace officers initially opted-in to the Federal Collective Action.  On June 2, 2025, the Federal Court entered a Stipulation adding 18 additional opt-in plaintiffs and withdrawing 1 in the Federal Collective Action.[4]

On June 27, 2024, Plaintiffs filed a First Amended Complaint in the State Class Action, which again included three different types of overtime assignments: (1) special event overtime assignments; (2) jail overtime assignments; and (3) medical facility overtime assignments.

---

[2]    Decl. of Joseph A. Liebman, ¶ 2, attached as **Exhibit 3**.

[3]    *Id.*, ¶ 3.

[4]    *Id.*, ¶ 4.

MAC: 14687-392 (#5989359.1)

Plaintiffs again alleged that for each type of overtime assignment, they received overtime pay for the duration of the scheduled shift time but were not paid for the entire continuous workday because they received no compensation for time spent completing pre-shift and post-shift activities that were integral and indispensable to the principal activities for which they were employed. LVMPD continued to deny Plaintiffs' allegations.[5]

Following a discovery period limited to class certification issues, Plaintiffs - in the State Class Action - moved for class certification under NRCP 23. The class certification motion was fully briefed and set for a hearing in front of the State Court. Prior to the hearing on the motion for class certification, the parties chose to participate in a private mediation in an effort to resolve both the Federal Collective Action and the State Class Action.[6]

**B.    Mediated Settlement**

The parties participated in three, full day, in-person mediation sessions with the Honorable Jackie Glass (Ret.), eventually culminating in a conditional settlement of the Federal Collective Action and State Class Action, which was memorialized in a Mediator's Resolution Memorandum, attached hereto as **Exhibit 5**.[7]

For the purposes of this Settlement, the parties stipulate and agree to certification pursuant to NRCP 23 for a similar, yet broader, group of persons as compared to the collective preliminarily defined in the Federal Collective Action; specifically: "All persons currently or formerly employed by Metro as full-time, non-exempt hourly peace officers who worked one or more special event, jail, and/or medical facility overtime shifts during the Class Period, and who (a) are current members of the Las Vegas Police Protective Association (PPA), or (b) were PPA members at the time of their retirement or other separation from employment." As set forth above, this group of LVMPD peace officers, which includes the 1,615 Opt-In Plaintiffs in the Federal Collective

---

[5]    *Id.*, ¶ 5.

[6]    *Id.*, ¶ 6.

[7]    *Id.*, ¶ 9.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC: 14687-392 (#5989359.1)

1    Action, constitute the Settlement Class.

2        Before resolving the matter, Class Counsel conducted a thorough investigation into the

3    facts of the Action, including a review of relevant documents and data, and have diligently pursued

4    an investigation of Class Members' claims against Defendant.   Based on their independent

5    investigation and evaluation, Class Counsel are of the opinion that the Settlement is fair,

6    reasonable and adequate and is in the best interest of the Settlement Class in light of all known

7    facts and circumstances.[8]  LVMPD and its counsel also agree that, in light of all known facts and

8    circumstances, the Settlement is fair and in the best interest of the parties.   The Honorable Jackie

9    Glass (Ret.), who presided over three full day, in-person mediation sessions, has likewise opined

10   that "based on her experience with this matter and involvement as a neutral mediator throughout

11   the settlement process, that the terms of the settlement are fair, just, adequate, and reasonable for

12   all parties." Ex. 5.

### III.    SUMMARY OF THE SETTLEMENT KEY PROVISIONS

14       The Settlement provides the Settlement Class a significant monetary recovery, a change to

15   LVMPD's overtime compensation policy, releases claims arising from this action, and sets up a

16   comprehensive mechanism for providing notice of the Settlement to class members.   Key

17   provisions of the Settlement are discussed below.

### A.    The Settlement Class.

19       The Settlement Class is defined as: "All persons currently or formerly employed by Metro

20   as full-time, non-exempt hourly peace officers who worked one or more special event, jail, and/or

21   medical facility overtime shifts during the Class Period, and who (a) are current members of the

22   Las Vegas Police Protective Association (PPA), or (b) were PPA members at the time of their

23   retirement or other separation from employment."  It is estimated that there are over 3,400 potential

24   class members, which includes the 1,615 Opt-In Plaintiffs.

25   / / /

26

27   [8]       *Id.*, ¶ 10.

28                                Page 6 of 21

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

### B.    The Settlement Payment and Calculation of Payments.

The Settlement completely resolves all Released Claims (as defined in the Settlement) against LVMPD in exchange for payment of $19 million.  The settlement proceeds, after payment of whatever deductions the Court might subsequently authorize (e.g., expenses and attorneys' fees), will be distributed to Settlement Class members on a formulaic basis as set forth in the Settlement Agreement.  The relevant formula is primarily based on LVMPD's payroll records and provides a Settlement Award to each member of the Class based on the number and type of scheduled overtime shifts worked during the Class Period, as the different types of shifts required different types of pre-shift and post-shift activities.  The Settlement Payment is non-reversionary, and to the extent a portion of the Settlement Payment goes unclaimed by certain class members, those funds will then be reallocated in a secondary, pro-rata payout to all participating class members.

### C.    The Policy Change.

As part of the Settlement, LVMPD has agreed to make changes to its overtime compensation policy.  Specifically, with respect to special event overtime shifts, LVMPD has started paying an extra hour of overtime compensation (at a minimum) for any officer who is required to obtain and return a department vehicle for the special event.  With respect to other types of equipment obtained for other types of shifts (*e.g.,* medical facility), LVMPD has agreed to begin paying for the actual time incurred in retrieving and/or returning equipment that is necessary for the overtime shift.

### D.    Settlement Administration and Notice Procedures.

A third-party administrator will be involved in the settlement administration process.  Assuming preliminary approval, notice will be sent to class members within 21 days of entry of the preliminary approval order.

### E.    Exclusion from and Objecting to the Settlement.

Class Members will have 60 days to request exclusion from the Settlement or to object to the Settlement.

Page 7 of 21

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**F.    The Release**

The Settlement provides that Class Members who do not file valid requests for exclusion will release all claims arising from the allegations in this lawsuit, as set forth in the Settlement Agreement.

## IV.    THE COURT SHOULD PRELIMINARILY APPROVE THE PROPOSED SETTLEMENT.

As discussed herein, the Settlement satisfies the standard for preliminary approval as it is well within the range of possible approval and there are no grounds to doubt its fairness.  The legal standard for the Courts' analysis is first discussed.  Then, the parties will explain how the various factors demonstrate that the Settlement should be preliminarily approved.

**A.    Legal Standard.**

The law strongly favors settlements, particularly where complex class action litigation is concerned.  *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *Util. Reform Project v. Bonneville Power Admin.*, 869 F.2d 437, 443 (9th Cir. 1989).  This is especially true in complex class actions.  *See Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *Wilkerson v. Martin Marietta Corp.*, 171 F.R.D. 273, 284 (D. Colo. 1997).

Settlement of a class action, however, is subject to the court's approval.  NRCP 23(f). Although Nevada precedent lacks detail on the class settlement-approval process, the Nevada Supreme Court's class-action decisions often rely upon determinations made under analogous portions of FRCP 23.  *See, e.g., Shuette v. Beazer Homes Holdings Corp*., 124 P.3d 530, 538 (Nev. 2005).  Similarly, FLSA collective action claims may be settled under the supervision of DOL or with court approval. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th

MAC: 14687-392 (#5989359.1)

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Cir. 1982).[9]  When the parties to a putative class action reach a settlement agreement prior to class certification, "courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement."  *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).

Preliminary approval does not require the Court to make a conclusive determination that the Settlement is fair, reasonable and adequate.  Rather, that decision is made only at the final approval stage, after notice has been given to class members and they have had an opportunity to voice their views of the settlement or to exclude themselves from the settlement.  *See* 5 James Wm. Moore, Moore's Federal Practice 723.83 [I], at 23-336.2 to 23-339 (3d ed. 2001).  In considering a potential settlement, the Court need not reach any ultimate conclusions on the issues of fact and law which underlie the merits of the dispute, *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 456 (2d Cir. 1974), and need not engage in a trial on the merits, *Officers for Justice*, 688 F.2d 615.

Preliminary approval is merely the prerequisite to giving notice so that "the proposed settlement . . . may be submitted to members of the prospective class for their acceptance or rejection."  *Philadelphia Housing Auth. v. Am. Radiator & Standard Sanitary Corp.*, 323 F. Supp. 364, 372 (E.D. Pa. 1970).  Preliminary approval should be granted if there are no "grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation for attorneys, and appear to fall within the range of possible approval."  Manual for Complex Litigation, 530.41, at 236-37 (3d ed. 1995).

---

[9]    The Ninth Circuit Court of Appeals stated in an unpublished opinion that FLSA claims may not be settled without the approval of either the Secretary of Labor or a district court.  *Seminiano v. Xyris Enter.*, 602 F. App'x 682, 683 (9th Cir. 2015).  However, "[u]npublished dispositions and orders of [the Ninth Circuit] are not precedent." 9th Cir. R.36-3(a). Additionally, there is a recent trend of federal authority which has questioned, and in fact held that FLSA settlements are not subject to court approval, even if they are collective actions.  *See, e.g., Askew v. Inter-Cont'l Hotels Corp.,* 620 F. Supp. 3d 635, 643 (W.D. Ky. 2022); *Evans v. Centurion Managed Care of Arizona LLC,* 686 F. Supp. 3d 880, 883-84 (D. Ariz. 2023); *Walker v. Marathon Petroleum Corp.,* 684 F. Supp. 3d 408, 412-13 (W.D. Pa. 2023);  *Kennedy v. El Centro Reg'l Med. Ctr.,* 2024 WL 1361838, *4 (S.D. Cal. 2024).  In fact, Judge Dawson recently stated, in dicta, that "because certification in the FLSA context does not produce a class with an independent legal status, the Court assumes, without deciding, that collective actions also do not require judicial approval of FLSA settlements."  *Corbett v. Pub. Employees' Ret. Sys.*, 716 F. Supp. 3d 1006, 1008 n. 2 (D. Nev. 2024).  Nevertheless, the Parties, in an abundance of caution, are jointly requesting approval of the settlement of the FLSA claims in the Federal Collective Action along with approval of the settlement of the Nevada law claims in the State Class Action.

MAC: 14687-392 (#5989359.1)

1    Court approval of a class action settlement follows a three-step procedure: "(1) preliminary

2    approval of the proposed settlement at an informal hearing; (2) dissemination of mailed . . . or

3    published notice of the settlement to all affected class members; and (3) a 'formal fairness hearing'

4    or final settlement approval hearing, at which class members may be heard regarding the

5    settlement, and at which evidence and argument concerning the fairness, adequacy, and

6    reasonableness of the settlement may be presented." *Harris v. U.S. Physical Therapy, Inc.*, No.

7    2:10-CV-01508-JCM-VCF, 2012 WL 3277278, at *3 (D. Nev. July 18, 2012), *report and*

8    *recommendation adopted*, No. 2:10-CV-1508 JCM VCF, 2012 WL 3277276 (D. Nev. Aug. 9,

9    2012) (quoting MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.632 (2008)).  The

10    first hearing merely requires the court to make a "preliminary fairness review," *id.* at § 21.633 and

11    confirm that a class exists for purposes of settlement.  *See Staton*, 327 F.3d at 952 (citations

12    omitted).

13    Because "full" fairness cannot be assessed until a court conducts the final approval hearing,

14    preliminary approval of a class settlement is appropriate if: "[1] the proposed settlement appears

15    to be the product of serious, informed, noncollusive negotiations, [2] has no obvious deficiencies,

16    [3] does not improperly grant preferential treatment to class representatives or segments of the

17    class, and [4] falls with[in] the range of possible approval." *Tijero v. Aaron Bros., Inc.*, 301 F.R.D.

18    314, 324 (N.D. Cal. 2013) (citations omitted).  *See also, e.g., Nen Thio v. Genji, LLC*, 14 F. Supp.

19    3d 1324, 1333 (N.D. Cal. 2014) (recognizing standard); *In re Tableware Antitrust Litig.*, 484 F.

20    Supp. 2d 1078, 1079-80 (N.D. Cal. 2007) (quoting MANUAL FOR COMPLEX LITIGATION

21    (SECOND) § 30.44 (1985) and Newberg on Class Actions § 11.25 (1992)) (same). *See also*

22    *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) ("Settlement is the offspring of

23

24

25

26

27

28                              Page 10 of 21

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

compromise; the question we address is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion.").[10]

### B.    The Factors for Preliminary Approval Are Satisfied.

#### 1.    The Settlement Was the Result of Non-Collusive, Arm's Length, Informed Negotiations.

There is an initial presumption that a proposed settlement is fair and reasonable when it is the result of arm's-length negotiations. *See Williams v. Vukovich*, 720 F.2d 909, 922-923 (6th Cir. 1983) ("The court should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs"); *In re Excess Value Ins. Coverage Litig.*, No. M-2 1-84 (RMB), 2004 U.S. Dist. LEXIS 14822, at *34 (S.D.N.Y. July 30, 2004) ("Where 'the Court finds that the Settlement is the product of arm's length negotiations conducted by experienced counsel knowledgeable in complex class litigation, the Settlement will enjoy a presumption of fairness'"); *In re Inter-Op Hip Prosthesis, Liab. Litig.*, 204 F.R.D. 359,380 (N.D. Ohio 2001) ("when a settlement is the result of extensive negotiations by experienced counsel, the court should presume it is fair"); *see also* Manual for Complex Litigation §30.42 (3d ed. 1995).

Here, the Settlement is the product of extensive arm's-length negotiations between Class Counsel and LVMPD's counsel. Based on their familiarity with the factual and legal issues, and with the assistance of an experienced mediator, the parties were able to negotiate a fair settlement, taking into account the costs and risks of continued litigation. The negotiations were at all times hard-fought and at arm's-length and have produced a result that the parties believe to be in their respective best interests.[11] The opinion of experienced counsel, as here, supporting the Settlement

---

[10] When determining whether a class settlement ultimately is fair — *at the final settlement approval hearing* — courts examine the following factors: (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *See City of Seattle*, 955 F.2d at 1291; *Hanlon*, 150 F.3d at 1026 (citations omitted). "Courts have, at times, engaged in a 'preliminary evaluation' of these factors to determine whether a settlement is fair, adequate, and reasonable." *Hester v. Vision Airlines, Inc.*, No. 2:09-CV-00117-RLH-NJK, 2014 WL 1366550, at *3 (D. Nev. Apr. 7, 2014).

[11]    Ex. 3, ¶ 11, **Exhibit 4**, ¶ 8.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC: 14687-392 (#5989359.1)

is entitled to considerable weight. *In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*, MDL Docket No. 901 All Cases, 1992 U.S. Dist. LESIS 14337, at *8 (C.D. Cal. June 10,1992) (finding belief of counsel that the proposed settlement represented the most beneficial result for the class to be a compelling factor in approving settlement); *Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988) (opinion of experienced counsel is entitled to considerable weight); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979) (recommendations of plaintiffs' counsel should be given a presumption of reasonableness).

Similarly, the fact that a neutral, respected mediator and former Clark County District Court Judge - the Hon. Jackie Glass (Ret.) - presided over three separate mediation sessions leading to this settlement is also particularly meaningful. *Barbosa v. Cargill Meat Sols. Corp.,* 297 F.R.D. 431, 445 (E.D. Cal. 2013); *Adoma v. Univ. of Phoenix, Inc.,* 913 F. Supp. 2d 964, 977 (E.D. Cal. 2012). As set forth in the Mediator's Resolution Memorandum, "based on her experience with this matter and involvement as a neutral mediator throughout the settlement process, . . .the terms of the settlement are fair, just, adequate, and reasonable for all parties."[12]

### 2. The Settlement Has No Obvious Deficiencies and Does Not Improperly Grant Preferential Treatment to Class Representatives or Segments of the Class.

There are no obvious deficiencies to the Settlement. Consideration is being exchanged on both sides. Notice is being provided to the Class. Due process is being satisfied. The parties' agreement is subject to Court approval and the approval of the LVMPD Fiscal Affairs Committee. The Settlement is memorialized in a comprehensive 25-page settlement agreement that has been jointly drafted and/or reviewed by multiple experienced counsel. While class representatives and certain segments of the class are set to receive additional payments under the Settlement Agreement, these additional payments are reasonable and stem from different levels of participation in the litigation, with such differences being more fully discussed in the settlement agreement and further upcoming motion briefing.

---

[12] Ex. 5.

Page 12 of 21

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

### 3.    The Settlement Is Within the Range of Reasonableness.

Under the terms of the Settlement, LVMPD has agreed to pay a non-reversionary settlement of $19 million, subject to certain conditions being met.  This is a significant recovery albeit a reasonable compromise and less than the claimed amount of damages due to various disputed issues of law and fact.  The Settlement recognizes the inherent risks, costs and delay associated with the prosecution of complex litigation, eliminates the risk that Plaintiffs could receive no recovery from LVMPD and eliminates the risk that LVMPD could face nine figure liability.  Further, as discussed above, LVMPD has agreed to make changes to its overtime compensation policy based on the allegations set forth in this action.

To be sure, LVMPD disputes the strength of the Plaintiffs' claims and Plaintiffs dispute LVMPD's defenses.  LVMPD has also disputed whether Plaintiffs' claims can be certified under NRCP 23 and/or whether collective action certification can be maintained under the FLSA.  Though Plaintiffs believe that their claims are strong and that they would prevail at trial, there is always risk inherent in litigation that cannot be discounted.  LVMPD has ardently denied liability, the applicable statute of limitations, the scope of Plaintiffs' claims, any willful misconduct, whether liquidated damages would be appropriate and whether the matter can be maintained as a class/collective action.  The parties have intensively litigated nearly every aspect of this case, and should this matter continue, the litigation would likely be ongoing for years at massive expense to both sides.

Settlement benefits all parties.  One the one hand, settlement resolves a multi-year dispute, caps exposure for LVMPD and provides certainty.  On the other hand, settlement eliminates any risk that Plaintiffs would not successfully certify the class and maintain certification through trial.  *See, e.g., Harris*, 2012 WL 3277278, at *6 (risk that class certification motion could be denied weighed in favor of preliminary approval); *Vanwagoner v. Siemens Indus., Inc.*, No. 2:13-CV-01303-KJM, 2014 WL 7273642, at *6 (E.D. Cal. Dec. 17, 2014) (same); *Hanlon*, 150 F.3d at 1027 (reviewing court should defer to "the private consensual decision of the parties" familiar with the case regarding appropriateness of settlement); *Officers for Justice*, 688 F.2d at 625 (fairness

Page 13 of 21

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

hearing should not be turned into a "rehearsal for trial on the merits" but should assess whether settlement taken as a whole is fair, reasonable, and adequate); *Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) (quoting 5 *Moore's Federal Practice*, § 23.85[2][b] (Matthew Bender 3d ed. 1997)) ("proposed settlement is not to be judged against a speculative measure of what might have been awarded in a judgment in favor of the class").

Other aspects of the Settlement are reasonable and fair.  The Settlement contemplates distributions pursuant to a formulaic plan of allocation as set forth in the proposed Notice and Settlement Agreement.  As discussed above, the relevant formula is primarily based on LVMPD's payroll records and provides a Settlement Award to each member of the Class based on the number and type of scheduled overtime shifts worked during the Class Period, as the different types of shifts required different types of pre-shift and post-shift activities. The Settlement Payment is non-reversionary, and to the extent a portion of the Settlement Payment goes unclaimed by certain class members, those funds will then be reallocated in a secondary, pro-rata payout to all participating class members. The proposed plan will be subject to further court supervision.  Even at the final approval stage, "[an allocation formula need only have a reasonable, rational basis [to warrant approval], particularly if recommended by 'experienced and competent' class counsel." *In re Am. Bank Note Holographies, Inc., Sec. Litig.*, 127 F. Supp. 2d 418,429-30 (S.D.N.Y. 2001).

The Settlement allocates for the costs of settlement administration.  Class counsel's requested fees are $7,600,000 (40% of the $19,000,000 Settlement Payment), and their costs are estimated at $100,000.  Plaintiffs will file a separate Motion addressing in more detail Class Counsel's proposed attorney's fees, costs, incentive awards, and early opt-in awards, no later than 30 days following preliminary approval of the Settlement, which is consistent with due process requirements. *See In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988, 993 (9th Cir.2010) (holding that that Federal Rule of Civil Procedure 23(h) requires a district court "to set the deadline for objections to counsel's fee request on a date after the motion and documents supporting it have been filed.").

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC: 14687-392 (#5989359.1)

1    Class Counsel's upcoming Motion will address the reasonableness of their attorney's fees

2    in more detail.  However, to the extent any such analysis is necessary for preliminary approval, it

3    is within the range of reasonableness necessary for preliminary approval.

4    In light of the above considerations, the Settlement as a whole falls within the range of

5    possible final approval. The Court should therefore grant preliminary approval of the Settlement

6    and direct that notice be given to members of the Class.

7    **V.    CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE.**

8    The preliminary approval process is also utilized to certify a settlement class when a class

9    has not been previously certified by the court.  Although the collective was preliminarily certified

10    in the Federal Collective Action, a class has not yet been certified in the State Class Action.  It has,

11    however, been fully briefed following a discovery period limited to class certification issues.  A

12    court can certify a settlement class where plaintiffs demonstrate that the proposed class and

13    proposed class representatives meet the four prerequisites in NRCP 23(a) - numerosity,

14    commonality, typicality and adequacy of representation - and one of the three requirements of

15    NRCP 23(c).

16    Here, to facilitate the proposed settlement, the parties respectfully request that the Court

17    conditionally certify, for settlement purposes only, the following settlement Class pursuant to

18    NRCP 23 and, if necessary, 29 U.S.C. § 216(b): "All persons currently or formerly employed by

19    Metro as full-time, non-exempt hourly peace officers who worked one or more special event, jail,

20    and/or medical facility overtime shifts during the Class Period, and who (a) are current members

21    of the Las Vegas Police Protective Association (PPA), or (b) were PPA members at the time of

22    their retirement or other separation from employment."[13]

23    / / /

24

---

[13]    As stated above, the collective has already been preliminarily certified, albeit with a slightly
25    different definition.  To be clear, every member of the certified Collective would also be a member of the
Settlement Class that would be certified under NRCP 23.  However, there are many members of the
26    Settlement Class that are not members of the Collective, considering the opt-in requirement as well as the
arguably longer statute of limitations under Nevada law.
27

28    Page 15 of 21

MAC: 14687-392 (#5989359.1)

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**A.    The Requirements of Rule 23(a) and Rule (b) Are Satisfied.**

As detailed below, the prerequisites for a class action under Rule 23(a) and (b)(3) of the applicable Rules of Civil Procedure have been satisfied in this action.[14]

1.    Numerosity - The numerosity requirement is satisfied if the proposed class is "so numerous that joinder of all members is impracticable." NRCP 23(a)(1). Impracticable does not mean impossible, only that it would be difficult or inconvenient to join all members of the class. *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964). Here, because the persons in the Settlement Class number in the range of 3,400, numerosity is satisfied. *Shuette v. Beazer Homes Holdings Corp.,* 121 Nev. 837, 847, 124 P.3d 530, 537 (2005); *see also* 7 Newberg and Rubenstein on Class Actions § 23:18 (6th ed.) ("Generally, courts find this requirement presumptively met with classes consisting of over 40 members, more difficult to meet with classes consisting of fewer than 20 members, and plausibly met - according to a series of other factors - for proposed classes of between 20 and 40 members.").

2.    Commonality - Commonality relates to whether there are "questions of law or fact common to the class." NRCP 23(a)(2). Commonality is satisfied if there is one issue common to class members. *Hanlon v. Chrysler Corp.*, 150 F.3d 101 1, 101 9 (9th Cir. 1998). Here, for settlement purposes, the factual and legal issues concerning LVMPD's potential liability to class members are common, making this an appropriate situation for certifying a Settlement Class.

---

[14]    For additional information, evidence, and argument regarding the propriety of class certification, Plaintiffs incorporate their: (1) Motion for Class Certification, filed on January 22, 2024; (2) Appendix of Exhibits thereto, filed January 22, 2024; (3) Reply in Support of Motion for Class Certification, filed on September 27, 2024; and (4) Appendix of Exhibits thereto, filed September 27, 2024. The Motion for Class Certification (without exhibits) and Reply in Support of Motion for Class Certification (without exhibits) are attached to the *Declaration of Joseph A. Liebman* as Exhibits 3A and 3B for ease of reference. The reference to the Motion for Class Certification and Reply in Support of Motion for Class Certification in the instant Joint Motion should not be construed as LVMPD's agreement, be it explicit or implicit, to the allegations or arguments asserted in the Motion for Class Certification or Reply in support thereof.

MAC: 14687-392 (#5989359.1)

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

3.      Typicality - Typicality under Rule 23(a)(3) is satisfied if the representative plaintiffs' claims share a common element with the class because they arise from the same course of conduct that gave rise to the claims of other class members. *In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.*, 122 F.R.D. 251, 256 (C.D. Cal. 1988).  Plaintiffs contend that the named plaintiffs' claims are typical of those of other Class members because, like other members of the Class, they did not receive compensation to which they contend they were entitled.  As such, they allege to have been harmed in the same way as the other class members by the alleged conduct of LVMPD.  *See Shuette*, 121 Nev. at 849, 124 P.3d at 539 ("[T]he representatives' claims need not be identical, and class action certification will not be prevented by mere factual variations among class members' underlying individual claims.")  For settlement purposes, LVMPD does not contest typicality.

4.      Adequacy of Representation - Adequacy under Rule 23(a)(4) is satisfied if plaintiffs have no disabling conflicts of interest with other members of the class and plaintiffs' counsel are competent and well qualified to undertake the litigation. *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).  Here, Plaintiffs are represented by counsel who have extensive experience in class actions and complex litigation.[15]  Additionally, no conflict exists between the named Plaintiffs and the members of the Settlement Class because all Plaintiffs have been damaged by the same alleged conduct and have the incentive to fairly represent all Settlement Class members' claims to achieve the maximum possible recovery.[16]

---

[15]      Ex. 3, ¶¶ 12-13, Ex. 4, ¶¶ 3-5.

[16]      Counsel for Plaintiffs have already been confirmed as counsel on behalf of the FLSA Collective. Counsel for Plaintiffs therefore seek to be re-appointed Class Counsel on behalf all Opt-In Plaintiffs, and further seek to be appointed Class Counsel on behalf of the Settlement Class.  While the Nevada Rules of Civil Procedure have no counterpart, Rule 23(g) of the Federal Rules of Civil Procedure requires the Court to appoint Class Counsel whenever it certifies a class.

MAC: 14687-392 (#5989359.1)

1      5.      Questions of Law and Fact Predominate – For settlement purposes only, the parties

2      agree that common questions of law or fact predominate over individual questions

3      pursuant to Rule 23(c)(3).[17]

4      6.      Superiority of Class Action - The requirement that a class action is superior to other

5      methods of adjudication under Rule 23(c)(3) is also met. Courts have recognized

6      that the class action device is superior to other available methods for the fair and

7      efficient adjudication of controversies involving large numbers of plaintiffs injured

8      by the same alleged misconduct. *Eisenberg v. Gagnon*, 766 F.2d 770,785 (3d Cir.

9      1985); *Ruiz v. NEI Gen. Contr., Inc.*, 719 F.Supp.3d 139, 151 (D.Mass. 2024) ("For

10     wage related disputes, a class action is generally superior to other available methods

11     for fairly and efficiently adjudicating the controversy, … because it overcomes the

12     problem that small recoveries do not provide the incentive for any individual to

13     bring a solo action prosecuting his or her rights.").  Also, because the Court is

14     certifying this action for settlement purposes only (at least for purposes of the

15     Settlement), it need not determine whether the class would be manageable for

16     litigation purposes in order to approve a Settlement Class. *Amchem Prods., Inc. v.*

17     *Windsor*, 521 U.S. 591, 620 (1997).

18     **B.      The Requirements of 29 U.S.C. Sec. 216(b) Are Satisfied.**

19     Finally, for the reasons set forth above as well as the Federal Court's Order Granting

20     Preliminary Certification, the Collective should remain certified under the FLSA because all Class

21     Members are similarly situated. 29 U.S.C. § 216(b).  *See, e.g., Tijero v. Aaron Bros., Inc.*, 301

22     F.R.D. 314, 323 (N.D. Cal. 2013) (granting conditional certification for settlement where putative

23     class members "were subject to the same policy that resulted in Defendant's failure to pay them

24     overtime wages").  Here, the Federal Court already granted preliminary certification.  Such

25     certification should be maintained for settlement purposes.  As discussed above, the Opt-In

26

27     [17] While this was a hotly contested issue during class certification briefing, for settlement purposes only, LVMPD is conceding the issue.

28

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

1    Plaintiffs of the Collective are also members of the Settlement Class and are included in the

2    Settlement accordingly.

3    **VI.    THE PROPOSED FORM AND MANNER OF CLASS NOTICE ARE APPROPRIATE AND SATISFY DUE PROCESS.**

4

5           Under the Nevada Rules of Civil Procedure, "[i]n any class maintained under Rule

6    23(c)(3), the court should direct to members of the class the best notice practicable under the

7    circumstances, including individual notice to all members who can be identified through

8    reasonable effort."  NRCP 23(d)(3).  "[N]otice of the proposed dismissal or compromise must be

9    given to all members of the class in such manner as the court directs."  NRCP 23(f).

10          Here, the parties have negotiated the form of a notice attached as Exhibit 2 to be

11   disseminated to all people who fall within the definition of the Class and whose names and

12   addresses can be identified.  Thus, the proposed method of notice comports with Rule 23 and the

13   requirements of due process. *See, e.g., Torrisi v. Tucson Elec. Power Go.*, 8 F.3d 1370, 1374 (9th

14   Cir. 1993) (mailing of notice to plaintiffs and satisfies Rule 23 and due process); *Dartley v.*

15   *Ergobilt,* Inc., No. 3:98-CV-1442- M, 2002 U.S. Dist. LEXIS 23359, at *7-*8 (N.D. Tex. Dec.

16   5,2002) (similar); *Adums v. Amplidyne,* Inc., No. 99-4468 (MLC), 2001 U.S. Dist. LEXIS 14464,

17   at *6 (D.N.J. Aug. 15, 2001).  Accordingly, the parties ask the Court to approve the Notice

18   submitted herewith.

19   **VII.    PROPOSED SCHEDULE OF EVENTS**

20          The Court's entry of the proposed Preliminary Approval Order would, among other things:

21   (i) certify the action as a class action for the purposes of the proposed settlement; (ii) maintain

22   certification of the collective for the purposes of the proposed settlement; (iii) direct notice of the

23   settlement to all members of the Settlement Class; and (iv) schedule a final hearing to consider

24   whether the settlement should be approved as being fair, reasonable, and adequate.

25          The parties propose that a Preliminary Approval Order contains the following

26   recommended dates:

27

28                                    Page 19 of 21

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

- A deadline for mailing the approved Notice to the Class): 21 days after entry of Preliminary Approval Order;

- A deadline for Plaintiffs/Class Counsel to file a Motion for Attorney's Fees, Costs, Incentive Awards, and Early Opt-In Awards:30 days after entry of Preliminary Approval Order;

- A deadline for requesting exclusion from the Class and deadline for filing objections to the Settlement; 60 days after mailing of notices; and

- Settlement Final Fairness Hearing: 75 days after mailing of notices; and,

This schedule is similar to those used and approved by numerous courts in class action settlements and provides due process to Settlement Class members with respect to their rights concerning the settlement. *See Torrisi*, 8 F.3d at 1374-75.

## VIII.  <u>CONCLUSION</u>

Because the Settlement Agreement fully comports with Rule 23 of the Nevada Rules of Civil Procedure and 29 U.S.C. § 216, Plaintiffs respectfully request that the Court preliminarily approve the Settlement Agreement, including the following relief:

- Certification of the Settlement Class (which includes the Opt-In Plaintiffs of the Collective) as follows: "All persons currently or formerly employed by Metro as full-time, non-exempt hourly peace officers who worked one or more special event, jail, and/or medical facility overtime shifts during the Class Period, and who (a) are current members of the Las Vegas Police Protective Association (PPA), or (b) were PPA members at the time of their retirement or other separation from employment.";

- Approving Bailey Kennedy, LLP and Sgro & Roger as Class Counsel[18];

- Approving the Plaintiffs as Class Representatives;

- Approving Apex Class Action as the Third-Party Administrator;

---

[18]    Bailey Kennedy, LLP and Sgro & Roger have already been approved as counsel in the Federal Collective Action.

MAC: 14687-392 (#5989359.1)

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

- Approving the Proposed Notice; and

- Ordering the Proposed Schedule of Events set forth above.

Dated this 5th day of August 2025.

MARQUIS AURBACH

By /s/Nicholas D. Crosby
Nicholas D. Crosby, Esq.
Nevada Bar No. 8996
10001 Park Run Drive
Las Vegas, Nevada 89145

WHITMIRE LAW, PLLC
James E. Whitmire, Esq.
Nevada Bar No. 6533
10785 West Twain, Suite 226
Las Vegas, Nevada 89135
*Attorneys for Defendan, LVMPD*

SGRO & ROGER

By /s/ Alanna Bondy
Anthony P. Sgro, Esq.
Nevada Bar No. 3811
Alanna C. Bondy, Esq.
Nevada Bar No. 14830
2901 El Camino Ave., Suite 204
Las Vegas, Nevada, 89102

BAILEY KENNEDY
Dennis L. Kennedy, Esq.
Nevada Bar No. 1462
Joseph A. Liebman, Esq.
Nevada Bar No. 10125
Paul C. Williams, Esq.
Nevada Bar No. 12524
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorneys for Plaintiffs*

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC: 14687-392 (#5989359.1)