1   ANTHONY P. SGRO
    Nevada Bar No. 3811
2   ALANNA C. BONDY
    Nevada Bar No. 14830
3   **SGRO & ROGER**
    2901 El Camino Avenue, Suite 204
4   Las Vegas, Nevada 89102
    Telephone: 702.384.9800
5   Facsimile: 702.665.4120
    TSgro@SgroandRoger.com
6   ABondy@SgroandRoger.com

7   JOHN R. BAILEY
    Nevada Bar No. 0137
8   DENNIS L. KENNEDY
    Nevada Bar No. 1462
9   JOSEPH A. LIEBMAN
    Nevada Bar No. 10125
10  PAUL C. WILLIAMS
    Nevada Bar No. 12524
11  JAROD B. PENNIMAN
    Nevada Bar No. 16299
12  **BAILEY❖KENNEDY**
    8984 Spanish Ridge Avenue
13  Las Vegas, Nevada 89148-1302
    Telephone:  702.562.8820
14  Facsimile:  702.562.8821
    DKennedy@BaileyKennedy.com
15  JLiebman@BaileyKennedy.com
    PWilliams@BaileyKennedy.com
16  JPenniman@BaileyKennedy.com

17  *Attorneys for Plaintiffs*

18

19              UNITED STATES DISTRICT COURT
                    DISTRICT OF NEVADA
20

21  DANIEL COYNE, individually and on behalf of       Case No.  2:22-cv-00475-APG-DJA
    those similarly situated; DAVID DENTON,
22  individually and on behalf of those similarly      **STIPULATION AND ORDER IN RESPONSE TO**
    situated; and SEAN BOLLIG, individually and on     **THIS COURT'S MEET AND CONFER ORDER**
23  behalf of those similarly situated,                **[DOC. 152]**

24                              Plaintiffs,

25                     vs.

26  LAS VEGAS METROPOLITAN POLICE DEPARTMENT,

27                              Defendant.

28

Plaintiffs Daniel Coyne, David Denton, and Sean Bollig, on behalf of themselves and those similarly situated ("Plaintiffs"), by and through their undersigned counsel of record, and Defendant Las Vegas Metropolitan Police Department ("LVMPD"), by and through its undersigned counsel of record, hereby stipulate as follows to address the need for additional notice as discussed in LVMPD's Status Report and Request for Instructions Regarding Potential Redistribution of Notice (the "Status Report") [Doc. 151].

**WHEREAS**, on August 15, 2023, this Court granted Plaintiffs' Motion for Preliminary Certification of a Collective Action [Doc. 59] pursuant to the Fair Labor Standards Act ("FLSA") on behalf of the following collective:

> Las Vegas Police Protective Association (PPA) members who have worked one or more Scheduled Overtime Shifts since February 1, 2019, that required the officer to perform uncompensated pre-shift and/or post-shift work consisting of transporting equipment between the shift site and another designated location.

**WHEREAS**, on July 30, 2025, following several mediation sessions, Plaintiffs and LVMPD entered into a global Settlement Agreement resolving both this action (the "Federal Collective Action") as well as the corresponding Nevada wage and hour claims action that was pending in the Eighth Judicial District Court (Case No. A-22-848354-C) (the "State Class Action"). In the Settlement Agreement, Plaintiffs and LVMPD agreed to a class definition that was *broader* than the collective definition ordered by this Court on August 15, 2023, specifically:

> All persons currently or formerly employed by [LVMPD] as full-time, non-exempt hourly peace officers who worked one or more special event, jail, and/or medical facility overtime shifts during the Class Period [February 16, 2018 – February 1, 2025], and who (a) are current members of the Las Vegas Police Protective Association (PPA), or (b) were PPA members at the time of their retirement or other separation from employment (the "Class Definition").

**WHEREAS**, on August 15, 2025, this Court, along with the State Court in a joint hearing, preliminarily approved the Settlement Agreement, which was then memorialized in written Orders by the State Court and this Court on August 22, 2025 [Doc. 142].

**WHEREAS**, following the 60-day Notice and Opt-Out/Objection Period (the "First Notice Period"), LVMPD filed the Status Report [Doc. 151], which identified a group of opt-in Plaintiffs in the Federal Collective Action and class members in the State Class Action who purportedly did not

receive a Notice during the First Notice Period.  LVMPD requested instructions from this Court as to whether an additional notice period was necessary for this group of individuals, amongst others.

**WHEREAS**, on November 18, 2025, this Court issued an Order in response to the Status Report, instructing the Parties to meet and confer regarding the potential need for additional notice.

**WHEREAS**, on November 19, 2025, counsel for Plaintiffs and counsel for LVMPD telephonically met, conferred, and agreed that an additional notice period was appropriate for any individuals who were inadvertently not included in the First Notice Period.  The Parties then worked together to draft this stipulation and to develop the following process to ensure sufficient notice.

1. There are generally two groups of individuals that were inadvertently omitted from the First Notice Period due to an unintentional misunderstanding of the term "current members of the Las Vegas Police Protective Association (PPA)...."

2. The first group of individuals ("Group A") include those who:

   i. Opted-in to the Federal Collective Action under the terms of the FLSA;

   ii. Were members of the PPA at some point from February 16, 2018 through August 14, 2025;

   iii. Were no longer members of the PPA at the time the Settlement Agreement was preliminarily approved on August 15, 2025; and

   iv. Are otherwise eligible to receive a settlement award.[1]

   Notice was not sent to these Group A individuals because they were not members of the PPA at the time the Settlement Agreement was approved and were not PPA members at the time of their retirement or other separation from employment from LVMPD.

3. After meeting and conferring, the Parties agreed that these Group A individuals should have been included in the Settlement Class and received Notice because (1) they are opt-in plaintiffs as defined by the Settlement Agreement, (2) they were PPA members at some point from February 16, 2018 through August 15, 2025, and (3)

---

[1] Many of these individuals were promoted by LVMPD during the pendency of this litigation and, as a result, left PPA to join a different union; namely, the Police Managers and Supervisors Association ("PMSA").

they worked at least one special event, jail, and/or medical facility overtime shift during the Class Period.

4.    In its Status Report, LVMPD identified 89 potential individuals.  The Parties are currently working together to determine which of these 89 individuals qualify as part of Group A.  At this time, the Parties agree that a portion of these individuals will likely not require notice because, amongst other reasons, many of the individuals did, in fact,  receive notice, or the individual—despite opting-in to this action—did not meet the definition of the collective, i.e. they were not PPA members at any time from February 16, 2018 to August 15, 2025, and/or they did not work any qualifying overtime shifts during the Class Period.

5.    Two of the individuals who filed objections (i.e., Eric Skolowski and Misael Parra) are part of Group A and will receive the additional notice required by this Stipulation, thereby fully resolving their objections.

6.    The second group of individuals ("Group B") include those who:

    i.    Did **not** opt-in to the Federal Collective Action under the terms of the FLSA;

    ii.    Were members of the PPA at some point from February 16, 2018 through August 14, 2025;

    iii.    Were no longer members of the PPA at the time of the Settlement Agreement was preliminarily approved on August 15, 2025; and

    iv.    Are otherwise eligible to receive a settlement award.[2]

    Notice was not sent to Group B individuals because they were not  members of the PPA at the time the Settlement Agreement was approved and were not PPA members at the time of their retirement or other separation from employment from LVMPD.

7.    After meeting and conferring, the Parties agreed that these individuals in Group B should have been included in the Settlement Class and received Notice because (1)

---

[2]    Individuals who did not opt-in to the Federal Collective Action were included in the global Settlement Agreement because they were part of the Class in State Court Action.

they were PPA members at some point from February 16, 2018 through August 15, 2025, and (2) they worked at least one special event, jail, and/or medical facility overtime shift during the Class Period.

8.     The Parties are currently working together to identify any individuals that would be part of Group B and therefore will be entitled to Notice.

9.     The remaining two individuals who filed objections (i.e., Christopher Cooney and Bianca Morris) are part of Group B and will receive the additional notice required by this Stipulation, thereby fully resolving their objections.

10.    The Parties acknowledge, as noted in Footnote 1 of this Stipulation, there is a group of individuals who were PPA members at some point from February 16, 2018 through August 14, 2025, but subsequently left PPA and became members of the PMSA.

11.    The Parties also recognize that the PMSA separately negotiated a resolution on behalf of its bargaining unit concerning the same claims asserted by Plaintiffs in this Action, i.e., that LVMPD failed to compensate its peace officers for work performed before and after overtime shifts (the "PMSA Settlement"). The PMSA Settlement covers a period from January 1, 2023 to February 14, 2025 (the "PMSA Award Period").

12.    The Parties agree that individuals who have received, or are scheduled to receive, an award from the PMSA Settlement (the "PMSA Award Recipients") should not be entitled to also receive a Settlement Award in this Action for any eligible shifts encompassed by the PMSA Award Period.

13.    Accordingly, the Parties agree that, for any individual in Group A or Group B who is also a PMSA Award Recipient, his or her Settlement Award shall be calculated without reference to any shifts worked during the PMSA Award Period.

14.    The Parties agree upon the following process to ensure appropriate Notice is provided to all individuals in Group A and Group B.

    a.     The Parties, along with the Class Administrator, shall work together to identify the individuals who should be included in Group A and Group B.

    b.     LVMPD shall then provide the Class Administrator with a list of PMSA

1     Award Recipients.

2     c.    Once the identification process described in subsections (a) and (b) is
3     complete, the Parties shall jointly certify that all members of the Settlement
4     Class have been identified.

5     d.    The Class Administrator shall send the same Notice previously approved by
6     this Court, with substantially similar form and content and providing for any
7     necessary revisions or updating of pertinent dates as a result of this Stipulation
8     (the "Updated Notice"), to the individuals in Group A and Group B, except
9     that, for any PMSA Award Recipient, the Class Administrator shall calculate
10     their Settlement Awards without reference to any shifts worked during the
11     PMSA Award Period.

12     e.    A second 60-day Notice, Opt-In, and Objection Period (the "Second Notice
13     Period") shall apply going forward to the entirety of the Class/Collective.  It
14     shall generally be conducted in the manner contemplated by the Settlement
15     Agreement for the First Notice Period.

16     f.    However, only the individuals identified in Group A and Group B shall
17     receive the Updated Notice in the manner contemplated by the Settlement
18     Agreement.

19     g.    Additionally, for any members of the Class/Collective who the Class
20     Administrator identified as "Notices Deemed Undeliverable," the Class
21     Administrator shall attempt another delivery of the Updated Notice.

22     h.    The members of the Class/Collective who already received Notice will not be
23     mailed the Updated Notice.  However, the Parties and the Class Administrator
24     will ensure that this Stipulation is posted on the Class Administrator's website
25     at https://apexclassaction.com/lvmpd/, the deadlines and hearing date on the
26     website shall be adjusted accordingly, and, to the extent feasible, this
27     Stipulation shall be e-mailed to those members.

28     i.    The Second Notice Period will commence upon the mailing of the Updated

1    Notice.  The deadline to complete the mailing of the Updated Notice for the

2    Second Notice Period will be 21 days from entry of this Stipulation and Order.

3    j.    The Fairness Hearing currently scheduled for December 5, 2025, shall be

4        continued.

5    k.    The Parties shall work with the respective departments in the Federal

6        Collective Action and the State Class Action to schedule another Final

7        Fairness Hearing in March 2026 (as the Courts' schedules permit), to allow

8        for sufficient time for the Second Notice Period.

9    l.    Seven (7) days prior to rescheduled Fairness Hearing, the Parties shall file a

10        Joint Motion for Final Approval, as contemplated by the Settlement

11        Agreement.  The Joint Motion for Final Approval shall address any

12        objections, to the extent any remain outstanding at that time.

13    m.    The deadline for Class Counsel to file a declaration from the Claims

14        Administrator of due diligence and proof of mailing shall be extended to allow

15        for the Second Notice Period.

16    n.    In conjunction with the Joint Motion for Final Approval, the Parties shall

17        submit a Declaration of Due Diligence from the Claims Administrator, as

18        contemplated by Section 18(e) of the Settlement Agreement.  The Declaration

19        of Due Diligence shall address in sufficient detail the First Notice Period and

20        the Second Notice Period and the process by which the Claims Administrator

21        ensured compliance with this Stipulation and Order.

22    / / /

23    / / /

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

o.     Within ten (10) days of entry of this Order, the Parties shall jointly submit a revised Implementation Schedule that shall account for any extensions or rescheduling necessitated by the instant Stipulation.

DATED this 25th day of November, 2025.

**SGRO & ROGER**

By: /s/ Alanna Bondy
     ANTHONY P. SGRO
     ALANNA C. BONDY

**BAILEY❖KENNEDY**
     JOHN R. BAILEY
     DENNIS L. KENNEDY
     JOSEPH A. LIEBMAN
     PAUL C. WILLIAMS
     JAROD B. PENNIMAN

*Attorneys for Plaintiffs*

**WHITMIRE LAW, PLLC**

By: /s/ James E. Whitmire
     JAMES E. WHITMIRE
     NEVADA BAR NO. 6533
     10785 West Twain, Suite 226
     Las Vegas, Nevada 89135

**MARQUIS & AURBACH**
     NICHOLAS D. CROSBY
     Nevada Bar No. 8996
     JORDAN W. MONTET
     Nevada Bar No. 14743
     10001 W PARK RUN DRIVE
     Las Vegas, Nevada 89145

*Attorneys for Defendant Las Vegas Metropolitan Police Department*

ORDER

IT IS SO ORDERED.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

DATED: December 1, 2025