**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL COYNE, et al.,<br><br>    Plaintiffs<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br><br>    Defendant | Case No.: 2:22-cv-00475-APG-VCF<br><br>**ORDER GRANTING FINAL APPROVAL OF COLLECTIVE ACTION SETTLEMENT AND APPROVING ATTORNEYS' FEES, COSTS, AND INCENTIVE PAYMENTS** |

On April 27, 2026, this matter came on for hearing the Eighth Judicial District Court for Clark County, Nevada (the "State Court") and the United States District Court for the District of Nevada (the "Federal Court") (collectively, the "Courts") on the parties' Joint Motion for Final Approval of Class and Collective Action Settlement, and the Plaintiffs' Motion for Approval of Attorneys' Fees, Costs, and Incentive Awards in this case and the corresponding State Court matter, Case No. A-22-848354-C (collectively, the "Actions"). No objectors appeared at the hearing. I have reviewed the motions, supporting papers, and record in these Actions and considered the representations and arguments of counsel and plaintiff Coyne at the hearing. Based on those, I hereby FIND and ORDER as follows:

**I.    JURISDICTION AND PROCEDURAL POSTURE**

The Courts have jurisdiction over the parties and the subject matter of these Actions. The Courts previously granted preliminary approval of the Settlement, and the State Court conditionally certified the Settlement Class for settlement purposes.

////

////

**II.   COLLECTIVE CERTIFICATION**

I confirm certification of the collective action under the Fair Labor Standards Act (FLSA) for settlement purposes. I find that the factors set forth in *Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir. 2018), are satisfied, and that Plaintiffs and the Opt-In Plaintiffs are similarly situated in that they share similar issues of law and fact that are material to the resolution of the federal claims at issue in these Actions.  Accordingly, I find that collective treatment is appropriate under the FLSA.  I have already preliminarily certified the Opt-In Plaintiffs as a collective pursuant to the FLSA and that decision is not disturbed.

**III.   NOTICE**

The Notice of Pendency of Collective and Class Action Settlement provided to the Settlement Class constituted the best notice practicable under the circumstances and was reasonably calculated to apprise all Settlement Class Members of the pendency of these Actions, the material terms of the proposed Settlement, and their rights and options thereunder, including the right to participate in the Settlement, opt out, or object.  The notice fully satisfied and met the requirements of due process and applicable law and provided adequate and sufficient information to enable Settlement Class Members to make informed decisions regarding the Settlement.

The supplemental notice provided to previously omitted individuals was appropriate and effectively cured any prior deficiencies by ensuring that all eligible individuals received notice of the Settlement and an opportunity to participate.  The supplemental notice likewise satisfied and met the requirements of due process and applicable law.  Accordingly, the notice provided ensured full and fair participation by the Settlement Class.

/ / / /

/ / / /

2

**IV.    OBJECTIONS**

All objections filed in these Actions have been rendered moot.  Specifically, objections were submitted by Eric Skolowski, Misael Parra, Christopher Cooney, and Bianca Morris. Each of these objections sought inclusion in the Settlement Class rather than challenging the substantive fairness, adequacy, or reasonableness of the Settlement.  These issues were subsequently resolved through the identification and inclusion of such individuals as Settlement Class Members during the supplemental notice process.  Accordingly, the objections of Eric Skolowski, Misael Parra, Christopher Cooney, and Bianca Morris are overruled as moot.

**V.    FINAL APPROVAL OF SETTLEMENT**

The Settlement is fair, reasonable, and adequate, considering, among other things, the risks of continued litigation, the value of finality, the complexity and duration of the proceedings, the non-reversionary recovery of $19,000,000, the absence of substantive objections, and the prospective relief achieved through Defendant's policy changes.  I further find that the Settlement represents a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act.

**VI.    ATTORNEYS' FEES, COSTS, AND AWARDS**

**A.    Attorneys' Fees**

The Courts collectively award attorneys' fees in the amount of $7,600,000.00, representing 40% of the Gross Settlement Amount.  In determining the reasonableness of this award, I considered the applicable factors under Nevada law, including those set forth in *Brunzell v. Golden Gate Nat'l Bank*, as well as the percentage-of-the-fund method and a lodestar cross-check. I make the following findings:

/ / / /

3

### 1.    **Results Achieved**

Class Counsel obtained a $19,000,000 non-reversionary settlement providing substantial monetary relief to the Settlement Class.  Class Counsel also secured significant prospective relief through changes to Defendant's overtime compensation policies, which were obtained as part of the Settlement.  When viewed in light of the total value secured, the requested fee is reasonable and does not result in a windfall.  I further find that this prospective relief was a result of Class Counsel's efforts and constitutes a substantial and meaningful benefit to the Settlement Class.

### 2.    Time and Labor Required

Class Counsel expended substantial time and effort litigating this matter, including extensive discovery, motion practice, class certification briefing, and participation in multiple full-day mediations.  In addition, following preliminary approval, Class Counsel expended significant time and effort administering and defending the Settlement, including coordinating with the claims administrator, working to identify and include inadvertently omitted members of the Settlement Class, and responding to attempts by non-Settlement Class members to intervene in the Actions, all to ensure that the Settlement was fairly implemented and that all members of the Settlement Class were afforded a full and fair opportunity to participate.

### 3.    Complexity and Risk

The litigation involved complex and highly contested issues of law and fact, including certification under Nevada Rule of Civil Procedure 23 and the FLSA, the applicability of Nevada's wage and hour laws to a governmental employer, and the development of reliable damages models based on large volumes of payroll and timekeeping data.  The case also presented significant litigation risks, including the possibility of denial of class or collective certification, decertification, or reduced recovery at trial.  In addition, the claims were litigated in

parallel proceedings in State and Federal Courts, creating additional procedural complexity and risk. The outcome of the litigation was uncertain at all stages, and continued litigation would have involved substantial additional expense and delay.

4. Skill and Quality of Representation

Class Counsel demonstrated a high degree of skill, experience, and professionalism in prosecuting these Actions. Class Counsel effectively navigated complex factual and legal issues, engaged in extensive discovery and motion practice, and successfully negotiated a favorable resolution through arm's-length mediation before an experienced neutral. The quality of representation is reflected in the monetary recovery obtained, the percentage of recovery relative to alleged damages, and the additional prospective relief secured for the Settlement Class.

5. Contingent Nature and Risk of Non-Recovery

Class Counsel undertook representation of the Settlement Class on a fully contingent basis, advancing all litigation costs and expenses without any guarantee of payment. As a result, Class Counsel bore the significant risk that the litigation would not result in any recovery, including the risk of adverse rulings on certification, liability, or damages. The contingent nature of the representation and the risks assumed support the reasonableness of the requested fee.

6. Customary Fee and Agreement

The requested fee is consistent with the contingency fee agreement entered into between Class Counsel and the named Plaintiffs, which was disclosed to the Settlement Class. The percentage requested is appropriately within the range of fees awarded in complex contingency class and collective actions, particularly where, as here, Class Counsel achieved an exceptional result.

/ / / /

### 7.    Lodestar Cross-Check

The requested fee is reasonable under a lodestar cross-check. Class Counsel expended substantial time litigating and administering the case, including both pre- and post-preliminary approval efforts. Based on the lodestar submitted, the requested fee results in a multiplier of approximately 3.55, which is within the range commonly approved in complex contingency litigation. This multiplier appropriately reflects the risks assumed by Class Counsel, the contingent nature of the representation, the quality of the work performed, and the exceptional results achieved. Accordingly, the lodestar cross-check confirms that the requested percentage fee does not result in a windfall and is reasonable under the circumstances.

### 8.    Reaction of the Class

The reaction of the Settlement Class supports approval of the requested fee. No Settlement Class Member objected to the requested attorneys' fees, and the absence of objections weighs in favor of a finding that the fee is fair and reasonable.

In light of the foregoing factors, including the exceptional results achieved, the risks undertaken, and the absence of objections, an award above the 25% benchmark is warranted and that the requested attorneys' fees are fair, reasonable, and appropriate. When the estimated values of the overtime policy changes—which were supported through an expert report from Plaintiffs' expert—are included with the $19,000,000 monetary recovery, the percentage recovery of attorney's fees is significantly below the 25% benchmark.

### B.    Costs and Administration Expenses

The Courts collectively approve litigation costs in the amount of $81,825.60 and settlement administration expenses in the amount of $70,990.00. These amounts are reasonable and were necessarily incurred.

## C.      Incentive Awards

The Courts collectively approve the following incentive awards:

- Daniel Coyne: $20,000.00

- David Denton: $12,500.00

- Sean Bollig: $12,500.00

These awards are reasonable in light of the substantial efforts undertaken and risks assumed by the Class Representatives.  The Class Representatives actively participated in the prosecution of these Actions, including assisting counsel with factual development, providing information and documents, and participating in discovery and the mediation process.  The Class Representatives also communicated with and provided information to members of the Settlement Class regarding the nature of the Actions and the Settlement, and assisted in facilitating participation in the case.

In addition, the Class Representatives undertook the responsibility of representing the interests of the Settlement Class throughout the litigation, including in parallel state and federal proceedings, and assumed risks by lending their names to the litigation against their employer, including potential professional, reputational, and workplace-related risks. The incentive awards are proportional to the benefits conferred upon the Settlement Class and are consistent with awards approved in comparable cases.  Accordingly, the requested incentive awards are fair, reasonable, and appropriate.

## D.      Early Opt-In Awards

The Courts collectively approve early opt-in awards of $1,000.00 each to eligible early opt-in plaintiffs, for a total of $89,000.00.  These awards are reasonable and appropriate in light of the contributions of these individuals to the prosecution of the Actions.  Specifically, the early

opt-in plaintiffs demonstrated a willingness to participate in the litigation at an early stage, including publicly associating themselves with the claims asserted, thereby helping to advance and legitimize the Actions.  These individuals assumed greater risk than other Settlement Class Members by identifying themselves in connection with the litigation from its inception, including potential professional and reputational risks.  The modest amount of the awards is proportional to these contributions and risks, and is consistent with awards approved in comparable class and collective actions.  Accordingly, the early opt-in awards are fair, reasonable, and appropriate.

### E.      Offset for PMSA Awards

Certain members of the Settlement Class are members of the Police Managers and Supervisors Association ("PMSA") and have received or may receive awards relating to the same overtime and wage-and-hour claims at issue in these Actions through separate agreements or resolutions covering a portion of the Class Period (the "PMSA Awards").  To ensure fairness and to prevent duplicative recovery for the same underlying claims during that portion of the Class Period, such recoveries must be accounted for in the administration of the Settlement. Accordingly, any member of the Settlement Class who is also a recipient of a PMSA-related award is subject to an offset in the amount of such award. This approach is fair, reasonable, and necessary to ensure an equitable distribution of the Settlement proceeds among Settlement Class Members.

## VII.   ADMINISTRATION OF SETTLEMENT

Under the terms of the Settlement Agreement, the Settlement becomes effective upon the later of: (i) 30 days following entry of this Order, (ii) 30 days following Notice of Entry of the corresponding State Court Order granting final approval of the settlement and fee motion, or

(iii) final resolution of any appeal of this Order or any other appealable order stemming from either of the Actions, if an appeal is taken (the Effective Date).

Following the Effective Date, the following deadlines will apply:

| | |
|---|---|
| Deadline for Claims Administrator to pay Settlement Awards to Class Members | The later of 15 calendar days after a) the Effective Date, or b) receipt of any of the settlement funds in the Settlement Account (note: this may be broken into two equal payments if only 50% of the settlement funds have been transferred to the Settlement Account as of the Effective Date) |
| Deadline for Claims Administrator to pay Class Counsel Payment to Class Counsel | The later of 10 calendar days after a) the Effective Date, or b) receipt of any of the settlement funds in the Settlement Account (note: this may be broken into two equal payments if only 50% of the settlement funds have been transferred to the Settlement Account as of the Effective Date) |
| Uncashed checks shall be voided and those funds shall be deemed Unclaimed Funds to be used in the calculation and payment of secondary Settlement Awards | 180 days after issuance of Settlement Awards checks. |
| Deadline for Claims Administrator to pay secondary Settlement Awards | 30 days after voiding of uncashed checks |
| Unclaimed Funds from secondary Settlement Award to be remitted to the Las Vegas Police Protective Association Law Enforcement Assistance Fund | 180 days after issuance of secondary Settlement Awards checks |

All other deadlines set forth in the Settlement Agreement, to the extent they have not yet occurred, remain as stated therein.

## VIII.   DISMISSAL

This action is dismissed with prejudice, each party to bear their own attorneys' fees and costs.  All members of the Settlement Class, except any who timely requested exclusion, and all releasing persons are hereby permanently barred and enjoined from instituting, commencing, or prosecuting any and all released claims against releasees in the settlement agreement.

/ / / /

9

I THEREFORE ORDER as follows:

1.     The Settlement is finally approved in all respects.

2.     Attorneys' fees in the amount of $7,600,000.00 are approved.

3.     Litigation costs in the amount of $81,825.60 and administration costs of $70,990.00 are approved.

4.     Incentive awards and early opt-in awards as set forth above are approved.

5.     The objections of Eric Skolowski, Misael Parra, Christopher Cooney, and Bianca Morris are overruled as moot.

6.     The Settlement will be implemented according to this Order and the terms of the Settlement Agreement.

7.     The Court retains jurisdiction to enforce the Settlement.

8.     The Defendant must identify all Settlement Class Members who are recipients of PMSA Awards and provide such information to Class Counsel for purposes of administering the offsets described herein.  Any Settlement Class Member who has received or will receive a PMSA Award is subject to an offset as set forth herein.

10.    This action is hereby dismissed with prejudice, each party to bear their own attorneys' fees and costs.  All members of the Settlement Class, except any who timely requested exclusion, and all releasing persons are hereby permanently barred and enjoined from instituting, commencing, or prosecuting any and all released claims against releasees in the settlement agreement.

11.    The clerk of court is directed to enter final judgment accordingly.

DATED this 13th day of May, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

10