**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANIEL COYNE, et al.,

Plaintiffs

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT,

Defendant

Case No.: 2:22-cv-00475-APG-DJA

**Order Granting in Part Motion for an Appeal Bond**

[ECF No. 185]

James Wirey and Jordan Travers (Appellants) moved to intervene in this case to reap the benefits of a settlement of this Fair Labor Standards Act (FLSA) collective suit. ECF No. 165. I denied their motion, and they have appealed that decision. ECF Nos. 174, 179. Plaintiffs Daniel Coyne, David Denton, and Sean Bollig (Plaintiffs) move for an order requiring Appellants to post an appeal bond under Federal Rule of Appellate Procedure (FRAP) 7. ECF No. 185. A bond is appropriate in this case, but not the high amount requested by Plaintiffs.

"When considering whether to require a bond, courts have considered: (1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the appellee's costs if the appeal loses; [and] (3) the merits of the appeal." *Zakikhani v. Hyundai Motor Co.*, No. 8:20-CV-01584-SB-JDE, 2023 WL 9420118, at *1 (C.D. Cal. Dec. 14, 2023) (simplified). Appellants offer no evidence of their inability to post a bond. They simply describe themselves as "currently employed peace officers" and "individual wage earners." ECF No. 186 at 17. "When an appellant submits no financial information indicating inability to pay, this first factor weighs in favor of granting the bond." *Zakikhani*, 2023 WL 9420118, at *1 (citation omitted).

> On the second factor, some courts have held that when an appellant resides out of state, and even more so, outside the circuit, the risk of nonpayment is increased,

> since plaintiffs would be required to institute multiple collection actions to recover their costs. . . . A further consideration is whether the objectors have offered personal guarantees that they will pay.

*Id.* Appellants state they are "resident in this District, with wages subject to ordinary collection remedies . . . ." ECF No. 186 at 17. But they offer no personal guarantee they will pay the appeal costs if ordered to do so. This factor slightly favors Appellants.

As to the merits of the appeal, "when an appellant is likely to lose the appeal and be subject to costs, this determination weighs in favor of granting the bond." *Zakikhani*, 2023 WL 9420118, at *1. I previously ruled that Appellants had no right to intervene and waited too long to try. ECF No. 175 at 46-49. Appellants could seemingly cure their alleged damages by filing a new FLSA lawsuit against the defendants, but have not done so.[1] I do not view the appeal as meritorious.

Two of these three factors favor requiring a bond under FRAP 7 so I will grant the motion for a bond. The next question is the amount of the bond.

Plaintiffs request a $292,140.00 bond, to include $277,140.00 in interest and $15,000.00 in appellate costs. ECF No. 185 at 10-11. They argue that a large bond is warranted because the appeal is frivolous and amounts to "objector blackmail." *Id.* at 9. But "the question of whether, or how, to deter frivolous appeals is best left to the courts of appeals, which may dispose of the appeal at the outset through a screening process, grant an appellee's motion to dismiss, or impose sanctions including attorney's fees under Rule 38. *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 961 (9th Cir. 2007).

---

[1] The plaintiffs point out that Appellants have filed a lawsuit in state court but not an FLSA suit in federal court. ECF No. 191 at 2 n.1.

FRAP 7 allows for a bond in an "amount necessary to ensure payment of costs on appeal." The Ninth Circuit has held "that the term 'costs on appeal' in Rule 7 includes all expenses defined as 'costs' by an applicable fee-shifting statute, including attorney's fees." *Id*. at 958. That court has not ruled whether interest that accrues during an appeal is a valid component of a Rule 7 bond.

Lost interest is a damage caused by delay from an appeal, rather than a cost. *Cf. Zakikhani*, 2023 WL 9420118, at *4 (concluding that increased "settlement administration expenses are more accurately viewed as delay damages than 'costs on appeal'" because they result from the delay caused by the appeal and are "inflicted by the mere passage of time required by the appellate process itself"). FRAP 38 allows the court of appeals to "award just damages and single or double costs to the appellee" if an appeal is deemed frivolous, recognizing a difference between costs and damages. Similarly, 28 U.S.C. § 1912 allows the court to "adjudge to the prevailing party just damages for his delay, and single or double costs," again suggesting that delay damages are different from costs.[2] "Damages" are not included in Rule 7, which suggests that they should not be a component of the bond. Finally, the delay damages of lost interest could be mitigated here by Metro and the Plaintiffs agreeing to deposit the settlement proceeds into an interest-bearing account pending completion of the appeal. I will not include interest in the appeal bond.

Plaintiffs offer no evidence to support their request for a $15,000 bond to cover appellate costs. Appellants challenge that figure, noting that the hearing transcript has already been produced and the Ninth Circuit requires no paper copies, so copying costs should be minimal. ECF No. 186 at 14. Plaintiffs offer nothing to rebut that, simply calling $15,000 "a conservative

[2] Likewise, "interest" is not included as a "cost" in 28 U.S.C. § 1920.

projection of those recoverable appellate costs" without evidence or examples of what those costs would be. ECF No. 191 at 9. The appeal bonds ordered in the cases cited by Plaintiffs and Appellants run the gamut from $2,000 to $15,000. Here, I find a bond in the amount of $10,000 to be appropriate.

I THEREFORE ORDER that the Plaintiffs' motion for an appeal bond **(ECF No. 185) is granted**. The Appellants will post an appeal bond in the amount of $10,000 November 24, 2026.

DATED this 5th day of November, 2026.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE